**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **GEORGE SOULIOTES,** | ) | **1:06-cv-0667 OWW WMW HC** |
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER RE** |
| vs. | ) | **RESPONDENT'S MOTION TO** |
| | ) | **DISMISS PETITION FOR** |
| | ) | **WRIT OF HABEAS CORPUS** |
| **JAMES E. TILTON,** | ) | [Doc. 17] |
| | ) | |
| Respondent. | ) | **ORDER DENYING** |
| | ) | **CERTIFICATE OF** |
| | ) | **APPEALABILITY** |
| _____ | ) | |

    Petitioner is a prisoner proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's motion to dismiss.[1]

**PROCEDURAL HISTORY**

    On October 20, 2000, Petitioner was convicted in Stanislaus Superior Court of three counts of first-degree murder (Penal Code § 187, subd.(a)) with the special circumstances of

---

[1] Although Petitioner has requested oral argument, the court finds it unnecessary in light of the extensive, well-supported briefs submitted by the parties in this case.

arson and burglary (Penal Code § 190.2, subd.(a)(3) and (1)(17)). The trial court sentenced Petitioner to serve a term of life imprisonment without the possibility of parole in state prison.

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District ("Court of Appeal"). The Court of Appeal affirmed the conviction on August 5, 2002, and denied a petition for rehearing on August 27, 2002. Petitioner filed a petition for review with the California Supreme Court, which the court denied on October 22, 2002.

Petitioner filed the following three pro se post-conviction collateral challenges to his conviction:

First Petition

December 10, 2003: Petition for post-conviction relief filed in the Stanislaus County Superior Court.

January 6, 2004: 2004: Petition denied.

Second Petition

March 1, 2004: Petition for post-conviction relief filed in the Court of Appeal.

August 26, 2004: Petition denied.

Third Petition

October 12, 2004: Petition for post-conviction relief filed in the California Supreme Court.

April 19, 2006: Petition denied.

Petitioner filed the present petition on May 20, 2006.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams

v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173

(2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is untimely and barred by the applicable statute of limitations. Petitioner opposes the motion.

STATUTORY TOLLING

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In moving to dismiss the present petition on timeliness grounds, Respondent argues that the state appeal process became "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) when the time for filing a petition for writ of habeas corpus expired on January 14, 2003, ninety days after the California Supreme Court denied review.  See  Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).  He claims that the one-year limitations period commenced running on January 15, 2003, and that, absent any tolling, the last day for filing a federal petition was January 14, 2004.  Petitioner filed the present petition on May 20, 2006.

In regard to statutory tolling, Respondent argues that the statute of limitations ran from January 15, 2003, until December 10, 2003, the date Petitioner filed his first state post-conviction petition.  Thus, argues Respondent, 329 of the initial 365 day limitations period had expired as of the time the first state habeas corpus petition was filed.  Respondent does not argue that any of Petitioner's state petitions were improperly filed, and therefore concedes that Petitioner is entitled to tolling for the pendency of his petitions filed in ascending order through the state courts.  See  28 U.S.C. § 2244(d)(2)("time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) cert. denied, 120 S.Ct. 1846 (2000) ( the "statute of limitations is tolled from the time the first state habeas petition is filed until the

5

California Supreme Court rejects the petitioner's final collateral challenge.");[2] Carey v. Saffold, 122 S.Ct. 2134, 2140 (2002)( under California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending."). Respondent claims that the statute of limitations began running again on April 19, 2006, the date the California Supreme Court denied the third state petition.

As stated above, Respondent claims that 329 days of the limitations period had expired Petitioner filed his first state post-conviction petition. An additional 41 days passed between the denial of the final state petition and the filing of Petitioner's federal petition now before this court. Respondent argues that the statute of limitations expired during that time, i.e., on May 25, 2006, (365-329 = 36 and 36 days after April 19, 2006 was May 25, 2006). Respondent concludes that Petitioner's federal application filed May 30, 2006, was therefore untimely and is barred by the statute of limitations.

In response, Petitioner claims that his petition is timely because he is entitled to additional statutory tolling pursuant to § 2244(d)(1)(D), based on "the date on which the factual predicate of a claim presented could have been discovered through the exercise of due diligence." As Petitioner explains, the State argued at trial that Petitioner set the fire which resulted in the three deaths. To prove their case, the State presented evidence that an accelerant, called medium petroleum distillate ("MPD") was present on carpet fibers at the crime scene. The State further demonstrated that MPDs were found on a pair of shoes belonging to Petitioner. Expert testimony and scientific evidence were then used to demonstrate to the jury that the MPDs on the carpet fibers in the home were from the same

---

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino, 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

6

source as those found on Petitioner's shoes.  The State used this evidence to argue that Petitioner had to have been inside the home, and that he was clearly the person who set the fire.

Petitioner now claims that claim one of his petition is based on newly discovered scientific evidence demonstrating that the MPDs inside the house and the MPDs on Petitioner's shoes were not from the same source.  Petitioner claims that he did not discover the factual predicate for claim one until September of 2005, when John J. Lentini, a scientist with Applied Technical Services, Incorporated, employed refined scientific techniques to analyze the underlying MPD data from Petitioner's case. (Exh. A to Petition, Declaration of John J. Lentini "Lentini Decl.") Petitioner claims that Mr. Lentini's findings as of September 21, 2005, formed the factual predicate of Petitioner's claim one and established "conclusively" that "the medium petroleum distillates found the defendant's shoes are chemically distinguishable from the medium petroleum distillates found at the scene of the fire."  Id. ¶ 18.  Petitioner argues that Mr. Lentini's findings were new scientific "facts" rather than discoveries that merely highlighted the legal significance of old facts.   He therefore claims that at the time of trial and for many years following, he had no knowledge of facts which supported an assertion that the State's MPD evidence was scientifically inaccurate. Thus, Petitioner claims, until he received Mr. Lentini's letter in September 2005, he had no factual basis upon which to assert his habeas claim.

Based on the above, Petitioner claims that under § 2244(d)(1)(D), the one year statute of limitations began running on September 25, 2005, but was tolled because the third state post-conviction application for relief was pending in the California Supreme Court. Petitioner argues that the statute began running on April 19, 2006, when the California Supreme Court denied his petition, and that only 41 days of the limitations period had expired when he filed the present petition on May 30, 2006.

In response, Respondent contends that Petitioner has failed to show due diligence in

uncovering the evidence in question, and that the evidence does not qualify as a new factual predicate which would trigger a new start date for the statute to begin running.  Respondent relies on <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1554, n.3 (9th Cir. 2001),   in which the court held that pursuant to § 2244(d)(1)(D), the statute of limitations begins running when the prisoner knows or through diligence could discover the important facts, not when the prisoner recognizes their legal significance.

Stressing that the burden is on Petitioner to persuade the court that he exercised due diligence in discovering the factual predicate of his claim, Respondent argues that the court cannot excuse Petitioner's delay simply because Petitioner, his counsel and his family waited to investigate and did not discovery the predicate facts sooner.  Respondent also argues that the alleged new facts are not sufficient to call Petitioner's guilt into question.

Respondent notes that in his declaration, Lentini states that in 1997, he tested material collected from the fire scene and compared the MPDs found on those materials to the presence of MPDs on Petitioner's shoes.  At that time, Lentini found that the MPD detected on Petitioner's shoes could not be excluded as coming from the same source as MPD on materials collected from the fire scene. Lentini Decl., 4.  Some eight years later, in September of 2005, Lentini was contacted by Petitioner's sister who asked for copies of the test results.   Lentini states he reviewed his 1997 conclusions and declares, "[b]y removing what I now know to be superfluous data" he found he could distinguish between the MTDs on the arson scene materials and the MPD on Petitioner's shoes.  Lentini was then contacted by the Innocence Project in October 1995 and discussed his conclusions with the staff, who were representing Petitioner in state habeas proceedings.  Lentini Decl, 5 -6.

Respondent argues that Lentini's declaration fails to provide a basis for a viable claim under § 2244(d)(1)(D).  Specifically, Respondent notes that Petitioner's direct appeal concluded with the California Supreme Court's denial of his petition for review on October 16, 2002, and the AEDPA statute of limitations began running 90 days later on January 15,

8

2003.  Petitioner was subsequently represented by counsel, who filed the first of his state petitions in the superior court on December 10, 2003, after 329 days of the statute of limitations passed.  Respondent argues first that the fact that Petitioner obtained new counsel after his direct appeal concluded does not excuse the delay.  Relatedly, Respondent argues second that because there is no right to counsel in collateral proceedings, Pennsylvania v. Finley, 481 U.S. 551, 555 (1990), Petitioner's failure to either obtain opinions from other experts or contact Lentini at an earlier date is not excused.  Noting that Petitioner does not claim that any obstacle prevented him from asking Lentini to re-test the evidence or seeking another opinion about the evidence sooner, Respondent argues that Petitioner did not uncover the facts until September 2005 does not make them undiscoverable, and Petitioner has not shown that to be the case.

The court must agree with Respondent's analysis.  Petitioner has not shown that he could not have obtained the information in Lentini's declaration at an earlier date, and timely pursued the present petition in this court.  Thus, the court must conclude that Petitioner has not carried his burden under § 2244(d)(1)(D) of showing that through the exercise of due diligence, he could not have discovered the facts underlying his claim in time to file a petition for writ of habeas corpus within the statute of limitations.  Accordingly, the court finds that absent equitable tolling, the statute of limitations began running on January 15, 2003, and expired on May 25, 2006.

EQUITABLE TOLLING

In opposition to Respondent's motion to dismiss, Petitioner contends that he is entitled to equitable tolling of the statute of limitations.  Petitioner claims that he has diligently presented his collateral claims throughout the habeas process and that external forces in the form of a misleading entry on the California Appellate Courts docket, Petitioner's extreme language barriers, and the transition to pro bono counsel account for what Respondent claims is a five day tardiness in filing his federal habeas petition.

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

Petitioner incorrectly states that, "[t]he State concedes that Mr. Souliotes pursued his rights diligently throughout the state habeas process. (See Motion to Dismiss Petition, Page 4)("Respondent does not argue that any of the state petitions were improperly filed . . .") Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). The United States Supreme Court, in Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361 (2000), held that a habeas application is "filed" "when it is delivered to, and accepted by, the appropriate court officer for placement in the official record." Id. at 363. A habeas application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." 121 S.Ct. at 364. Thus, the issue of "proper filing" is related to statutory tolling, and is not determinative on the issue of due diligence for equitable tolling.

Petitioner claims that he was exercising due diligence because once counsel was

appointed in the fall of 2002 and the spring of 2003, pro bono counsel had a very large volume of material to review and ten witnesses to track down to obtain declarations. Petitioner claims that the initial delay in filing his petition with the Superior Court was therefore reasonable. The court finds, however, that Petitioner has not shown good cause for his delay. Petitioner's petition for review was rejected by the California Supreme Court on October 16, 2002, but his first state collateral petition was not filed until over one year later on December 10, 2003. As Respondent argues, Petitioner is not entitled to equitable tolling on the ground that his counsel did extensive research, filed a lengthy petition, and obtained various declarations. Counsel's volume of work, on this case or any other, does not amount to "extraordinary circumstances" beyond a prisoner's control that made it impossible to file a petition on time. See Calderon (Beeler), 128 F.3d at 1288. This is particularly true in light of the fact that Petitioner is not entitled to counsel in pursuing his habeas corpus petition in this court.

      The court must reject Petitioner's claim that a "misleading" docket entry in the Court of Appeal's docket constituted extraordinary circumstances which prevented him from filing his claim within the limitations period. Petitioner claims that he relied on the Court of Appeal's docket entry of October 22, 2002, which states, "Petition for review denied in Supreme Court." Petitioner concedes, however, that in the "Notes" field of that same entry it is stated, "denied 10/16/02 ea member of ct notified by cc mail." Contrary to Petitioner's description of this entry as "misleading" and "cryptic," the court finds it to be quite clear. Further, neither the fact that Petitioner's present counsel did not represent Petitioner on direct review, nor the fact that every habeas petition filed on Petitioner's behalf listed the wrong date for the California Supreme Court's denial excuses counsel's error. In summary, despite counsel's attempt to distinguish the present case, the court finds this to be the type of attorney error which has repeatedly held to be insufficient to justify equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1067 (9th Cir.2002) (holding that attorney miscalculation of AEDPA

11

limitations period did not merit equitable tolling); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir.2001) (stating that neither miscalculation of the limitations period by defense counsel nor negligence in general constitute extraordinary circumstances sufficient to warrant equitable tolling), *cert. denied,* --- U.S. ----, 122 S.Ct. 1913 (2000).

In summary, after reviewing all of Petitioner's arguments, the court finds that Petitioner has failed to carry his burden of demonstrating that extraordinary circumstances beyond his control made it impossible for the petition to be filed on time. He is thus not entitled to equitable tolling of the statute of limitations.

ACTUAL INNOCENCE GATEWAY

Petitioner contends that the evidence of his actual innocence presented in his petition entitles him to have all of his claims heard on the merits, regardless of any procedural bar. Petitioner relies on Schlup v. Delo, 513 U.S. 298 (1995), which established the concept of an actual innocence "gateway." Under the actual innocence gateway, a petitioner's procedurally barred claim may be considered on the merits if his claim of actual innocence is sufficient to implicate a fundamental miscarriage of justice. Majoy, 296 F.3d at 775-76; Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir.1997) (en banc). The petitioner must present evidence to show that in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have convicted him. Schlup, 513 U.S. at 327; Majoy, 296 F.3d at 776; Sistrunk v. Aremenakis, 292 F.3d 669, 673, 677 (9th Cir.2002). "A petitioner need not show that he is 'actually innocent' of the crime he was convicted of committing; instead, he must show that 'a court cannot have confidence in the outcome of the trial.'" Majoy, 296 F.3d at 776 (quoting Schlup, 513 U.S. at 316 and Carriger, 132 F.3d at 478). The Ninth Circuit has explained that claiming one should be allowed to pass through the Schlup gateway is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Majoy, 296 F.3d at 778 n.1 (quoting Schlup, 513 U.S. at 315). In Schlup, the

12

Supreme Court cautioned that to be credible, a claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." Schlup, 513 U.S. at 324; Majoy, 296 F.3d at 776.

In this case, Petitioner argues that he has presented "newly discovered" scientific evidence undermining the prosecution's link between himself and the crime scene. In addition, he has a wealth of "newly presented" evidence, which includes testimony of numerous different witnesses, who was available at the time of the second trial , but were not utilized by trial counsel in the second trial.

As stated above, Petitioner contends that this evidence entitles him to have all of his claims heard on the merits, "regardless of any procedural bar.". The procedural default doctrine provides that"[w]hen a state prisoner has defaulted a claim by violating a state procedural rule which would constitute adequate and independent grounds to bar direct review in the U.S. Supreme Court, he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence. Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994). Respondent, however, does not contend that Petitioner's claims are procedurally barred, i.e., he does not claim that Petitioner has violated any state procedural rule. Rather, Respondent argues that the present petition is barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). The issue of whether the actual innocence gateway of Schlup is applicable to federal habeas corpus petitions barred by the statute of limitations remains undecided. See Majoy v Roe, 296 F.3d 770, 776 (9th Cir. 2002)(noting that issue of whether passing through the actual innocence gateway has the consequence of overriding the AEDPA's statute of limitations was not yet decided by the Supreme Court or the Ninth Circuit); Hundley v. Roe, 135 F.Appx. 55, 56 n. 1 (9th Cir. 2005) Petitioner does not address this issue and the court is unwilling to make the parties' arguments for them. Accordingly, the court finds Petitioner has not carried his burden of demonstrating that the actual innocence gateway provides a basis for Petitioner to have his claims heard on the merits.

13

In light of the above, the court must find that this petition for writ of habeas corpus is barred by the statute of limitations.

EXHAUSTION

Respondent moves to dismiss Petitioner's sixth ground for relief for failure to exhaust state judicial remedies. In response, Petitioner filed a motion for stay and abeyance. Because this court finds that the entire petition is barred by the statute of limitations, it finds it unnecessary to reach the exhaustion issue.

Petitioner may seek to appeal from the judgment of the court in this case. Petitioner cannot proceed on such an appeal absent a certificate of appealability. The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In the present case, the court finds no denial of a constitutional right. Accordingly, a certificate of appealability will be denied.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Petitioner's request for oral argument is DENIED [Doc. 34];

2) Petitioner's motion for stay and abeyance is DENIED as moot [Doc. 24];

3) Respondent's motion to dismiss is GRANTED;

4) This petition for writ of habeas corpus is DISMISSED as barred by the statute of

14

limitations;

5) A certificate of appealability is DENIED;

6) The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case.

IT IS SO ORDERED.

Dated:   **March 19, 2008**              **/s/ Oliver W. Wanger**
                                                             UNITED STATES DISTRICT JUDGE