# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SOULIOTES, | 1:06-cv-00667 OWW MJS HC |
| Petitioner, | ORDER DIRECTING PARTIES TO SUBMIT A JOINT PRE-HEARING STATEMENT ON OR BEFORE JUNE 3, 2011 |
| v. | |
| MIKE EVANS, Warden; ANTHONY HEDGPETH, Warden, | |
| Respondent. | |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 25, 2011, the Ninth Circuit Court of Appeals reversed and remanded this matter to the district court for the limited purpose of holding a limited evidentiary hearing regarding statutory tolling of the statue of limitations under 28 U.S.C. § 2244(d)(1)(D). Specifically, the Ninth Circuit directed that the evidentiary hearing be limited to determining "when an inmate in Souliotes's position could have discovered, through the exercise of due diligence, the new [medium petroleum distillates] evidence." (ECF No. 53.) Given Petitioner's advanced age, the Ninth Circuit requested the evidentiary hearing be held in an expedited manner (Id.)

In order to facilitate scheduling of the evidentiary hearing in this matter, the parties are directed to file with the Court on or before June 3, 2011 a joint pre-hearing statement

addressing the following:

(1) whether the parties require leave to conduct discovery, and, if so, setting forth a discovery plan which addresses the need to conduct such discovery in an expedited manner; (See Rule 6 of the Rules Governing Section 2254 Cases.)

(2) the factual issues to be resolved at the evidentiary hearing;

(3) a statement of disputed and undisputed facts;

(4) the documents or exhibits, including joint exhibits, the parties intend to offer;

(5) any stipulations or admissions regarding facts and documents;

(6) the names of each witness the parties anticipate presenting and a brief description of what each witness is expected to establish with his or her testimony;

(7) a list of the witnesses to be subpoenaed and a timetable for facilitating the transfer of any currently incarcerated witnessess;

(8) identifying anticipated evidentiary problems;

(9) any other stipulation that would facilitate the just and speedy disposition of this matter; and

(10) an estimate on the length of time the parties anticipate the hearing will take.

Upon receipt of the statement by the Court, a scheduling conference shall be convened at which time the date of the evidentiary hearing will be set and other outstanding issues will be resolved.

IT IS SO ORDERED.

Dated:   May 26, 2011                          /s/ *Michael J. Seng*
                                                       UNITED STATES MAGISTRATE JUDGE