UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GEORGE SOULIOTES, | ) | 1:06-cv-00667 OWW MJS HC |
|---|---|---|
| Petitioner, | ) | ORDER GRANTING REQUEST FOR EVIDENTIARY HEARING REGARDING TOLLING OF THE STATUTE OF LIMITATIONS BASED ON PETITIONER'S DILIGENCE AND ACTUAL INNOCENCE |
| v. | ) | |
| ANTHONY HEDGPETH, Warden, | ) | |
| Respondent. | ) | |

## I. INTRODUCTION

The present matter is before this Court upon remand from the Ninth Circuit Court of Appeals. The Ninth Circuit reversed this Court's determination that the Petition was untimely and remanded for further proceedings.

The parties disagree upon how to proceed upon remand. Petitioner requests that the Court hold evidentiary hearings regarding issues relating to the tolling of the statute of limitations. Respondent, on the other hand, suggests that, while not waiving the limitations defense, the Court proceed to review the claims on the merits.

The Court finds and hereby orders that issues regarding the timeliness of the petition should be addressed prior to proceeding to the merits, and grants Petitioner's request to conduct an evidentiary hearing on the issues.

## II. PROCEDURAL HISTORY

### A. Decisions of the Ninth Circuit

After pursuing his state appeals, Petitioner filed a petition for writ of habeas corpus with this Court on May 30, 2006. (Pet., ECF No.1.) In response, the Respondent filed a motion to dismiss the petition as untimely. (Mot. to Dismiss, ECF No. 17.) The Court granted the motion and dismissed the petition on March 19, 2008. (Order, ECF No. 36.) Petitioner appealed the decision to the Court of Appeals for the Ninth Circuit.

On September 20, 2010, the Ninth Circuit reversed the District Court decision and remanded the case to the District Court. The Ninth Circuit found that the District Court had used an improper standard in finding Petitioner not reasonably diligent in presenting his stand-alone claim of actual innocence based on newly discovered evidence under 28 U.S.C. § 2244(d)(1)(A).  See Souliotes v. Evans, 622 F.3d 1173 (9th Cir. 2010). However, based on a panel decision of the Ninth Circuit, Lee v. Lampert, 610 F.3d 1125, (9th Cir. 2010), it held that Petitioner was precluded from pursuing his remaining constitutional claims based on ineffective assistance, Vienna Convention, and juror misconduct by way of the actual innocence gateway established by Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). The Ninth Circuit provided the following instruction to this Court on remand:

> [W]e reverse the district court's dismissal of Souliotes's habeas petition and remand for an expedited evidentiary hearing to determine when an inmate in Souliotes's position could have discovered the new MPD evidence with due diligence. If the district court concludes that Souliotes satisfies the diligence requirement of § 2244(d)(1)(D), the district court shall adjudicate the merits of Souliotes's actual innocence claim on an expedited basis.

Souliotes, 622 F.3d at 1182.

On May 25, 2010, the Ninth Circuit issued a second order in the present matter. Souliotes v. Evans, 2011 U.S. App. LEXIS 10604 (9th Cir. May 25, 2011). The Court noted that the Ninth Circuit had voted to rehear the Lee v. Lampert case *en banc*. While that decision could affect Petitioner's ability to proceed on claims foreclosed by the prior order, it would still be necessary to determine if Petitioner was diligent in presenting his stand-alone actual innocence claim. Id. The Ninth Circuit instructed this Court accordingly:

> Thus, while awaiting an en banc opinion in Lee, we remand this case to the district court for the limited purpose of conducting an expedited evidentiary hearing to determine when an inmate in Souliotes's position could have discovered, through the exercise of due diligence, the new MPD evidence. See Nash v. Ryan, 581 F.3d 1048, 1058 (9th Cir. 2009) (ordering a limited remand to allow the district court to make a factual determination); Friery v. L.A. Unified Sch. Dist., 448 F.3d 1146, 1150 (9th Cir. 2006) (same). The parties shall advise the Court when the evidentiary hearing has concluded and the district court has entered findings of fact and conclusions of law.

Souliotes v. Evans, 2011 U.S. App. LEXIS 10604 (9th Cir. May 25, 2011).

Two months later, the Ninth Circuit, in an *en banc* decision, reversed the panel decision in Lee v. Lampert and held that "a petitioner is not barred by the AEDPA statute of limitations from filing an otherwise untimely habeas petition if the petitioner makes a credible showing of 'actual innocence' under Schlup v. Delo." Lee v. Lampert, 2011 U.S. App. LEXIS 15830 (9th Cir. Aug. 2, 2011) (*en banc*). In reversing its earlier decision, the Ninth Circuit re-opened the possibility that Petitioner could, by way of the actual innocence gateway, present his otherwise time-barred claims. Accordingly, the Ninth Circuit issued a third order in the instant matter. It states, in its entirety:

> In light of the intervening en banc decision in Lee v. Lampert, No. 09-35276, 2011 U.S. App. LEXIS 15830, 2011 WL 3275947 (9th Cir. Aug. 2, 2011) (en banc), we vacate our opinion in Souliotes v. Evans, 622 F.3d 1173 (9th Cir. 2010), reverse the district court's dismissal of Souliotes's habeas petition as untimely, and remand for proceedings consistent with Lee.
>
> We also vacate our order of limited remand issued on May 25, 2011, with the understanding that the district court will conduct whatever proceedings are necessary, in an expedited manner, to determine whether any of Souliotes's habeas claims may be addressed on the merits.

Souliotes v. Evans, 2011 U.S. App. LEXIS 17034, 1-2 (9th Cir. Aug. 17, 2011).

On September 8, 2011, the Ninth Circuit issued its mandate. Accordingly, this Court is tasked with "conduct[ing] whatever proceedings are necessary, in an expedited manner, to determine whether any of Souliotes's habeas claims may be addressed on the merits." Id.

### B.  Briefings by the Parties on How to Proceed

In light of the unique procedural posture of the present case, the Court allowed the parties to present briefing on how to best proceed to adjudicate the matter.

Petitioner requests the Court to proceed in an expedited manner to hold an evidentiary

hearing under Rule 6(a) of the Rules Governing Section 2254 Cases to determine if Petitioner can make a showing of statutory tolling and of actual innocence sufficient to overcome the statute of limitations and present his claims on the merits.  Petitioner argues that it is appropriate to proceed to determine the issues regarding the statute of limitations based on (1) the implicit instructions of the Ninth Circuit, (2) the fact that the statute of limitations issues have been the subject of dispute for over three years and are yet to be resolved, (3) addressing the claims on the merits would require more judicial resources, (4) and addressing the merits without resolving the limitations defense would promote gamesmanship.

Respondent, on the other hand, requests that the Court proceed to determine the merits of the petition. Respondent does not wish to waive the timeliness defense, but asserts that "judicial economy warrants deferring a potentially complicated analysis for the purpose of deciding an affirmative defense of untimeliness, in favor of first determining whether relief could be granted if the claims were timely." Based on such an assertion, Respondent wishes to file an answer addressing the merits of the petition.

### III. ANALYSIS

#### A. The Court May Proceed to the Merits

Respondent asserts that the Court need not determine whether Petitioner's claim are timely to proceed to review the merits of the petition. To the extent that Respondent argues that certain procedural bars, specifically the statute of limitations, are not jurisdictional and need not be determined to review the merits of the petition, Respondent is correct. See Lambrix v. Singletary, 520 U.S. 518, 525, 137 L. Ed. 2d 771, 117 S. Ct. 1517 (1997) ("We do not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be. It is wasteful of both our resources and that of the litigants to remand to the district court a case in which that court improperly found a procedural bar, if the ultimate dismissal of the petition is a foregone conclusion."); Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) ("We do agree, however, that appeals courts are empowered to, and in some cases should, reach the merits of habeas petitions if they are, on their face and without regard to any facts that could be developed below, clearly not meritorious despite an asserted

procedural bar."); Day v. McDonough, 547 U.S. 198, 208-209 (2006) ("In lieu of an inflexible rule requiring dismissal whenever AEDPA's one-year clock has run, or, at the opposite extreme, a rule treating the State's failure initially to plead the one-year bar as an absolute waiver, the State reads the statutes, Rules, and decisions in point to permit the exercise of discretion in each case to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition. ... We agree.") (Citations omitted.).

Even though the Court **may** address the merits of the petition without first determining the limitations defense, it does not necessarily follow that it **should** do so. The Supreme Court has warned that it "seems unwise to adopt a rule that would permit, and might even encourage, the State to seek a favorable ruling on the merits in the district court while holding [a] defense in reserve for use on appeal if necessary."[1] Granberry v. Greer, 481 U.S. 129, 132 (1987). The Supreme Court reasoned that, "if a full trial has been held in the district court and it is evident that a miscarriage of justice has occurred, it may also be appropriate for the court of appeals to hold that [a] defense has been waived in order to avoid unnecessary delay in granting relief that is plainly warranted." Id. at 135. Further, Justice Sotomayor, in a recent dissent to the denial of a petition for writ of certioari, discussed analogous considerations in delaying determination of objections until after habeas relief is granted. See Williams v. Hobbs, 131 S. Ct. 558 (2010). Justice Sotomayor explained:

> Today the Court refuses to review the Eighth Circuit's conclusion that a State may withhold an objection to a federal habeas evidentiary hearing until after the hearing is complete, the constitutional violation established, and habeas relief granted. Because I believe such a rule enables, and even invites, States to manipulate federal habeas proceedings to their own strategic advantage at an unacceptable cost to justice, I respectfully dissent.

Williams, 131 S. Ct. at 558.

The Supreme Court has also cautioned that a petitioner should not be prejudiced by a delayed determination of the limitation issue. See Day, 547 U.S. at 210 ("[T]he court must

---

[1] Granberry dealt with the application of the exhaustion of state remedies defense. As Granberry was decided prior to the enactment of the AEDPA, no statute of limitations defense existed in habeas cases.

assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and "determine whether the interests of justice would be better served" by addressing the merits or by dismissing the petition as time barred."). At least one court has waived a respondent's statute of limitation defense in a habeas case based prejudicial delay where it was not presented until five and one half years after the petition was filed. See DeFoy v. McCullough, 301 Fed. Appx. 177, 180 (3d Cir. 2008). While the delay at issue in Day was created by Respondent's failure to present the claim, this Court feels that similar concerns would be warranted if the limitations issue were to be resolved only after determining the merits of the case.

Respondent has supplied no authority suggesting that the parties may influence the manner in which a court decides how to procedurally adjudicate a case. The decision to proceed to the merits lies solely in the discretion of the court. The Supreme Court in Day reinforced the authority of the district court. In Day, 547 U.S. at 198, the Supreme Court reviewed "the authority of a U. S. District Court, on its own initiative, to dismiss as untimely a state prisoner's petition for a writ of habeas corpus." First, the Supreme Court noted that, "Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto." Id. at 202. (Citing Fed. Rules Civ. Proc. 8(c), 12(b), and 15(a).[2]). In Day, the respondent failed to raise the statute of limitations defense on the mistaken belief that the petition was timely. The Court held "that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Id. at 209.

Unlike the state in Day, Respondent has properly raised a statute of limitations defense. While not waiving the defense, Respondent desires to address the defense after the merits of the case are determined. In support of proceeding in that manner, Respondent cites to the Sixth circuit decision in Plough v. United States, 442 F.3d 959, 965 (6th Cir. 2006). In Plough,

---

[2] Unless inconsistent with rules and statutes applicable to habeas corpus cases, the Federal Rules of Civil Procedure apply to such proceedings. Rule 12 of the Rules Governing Section 2254 Cases.

1 the court held that the one year statute of limitations under 28 U.S.C. § 2255[3] is not
2 jurisdictional and determined the merits of the Petitioner's case "which can be resolved in a
3 straightforward manner and will also result in the denial of his motion." Id. In reasoning that
4 the court could deny the petition on the merits, the court relied on the reasoning of the
5 concurrence in Aron v. United States, 291 F.3d 708, 718 (11th Cir. 2002), which stated "a
6 district court is not required to rule on whether an asserted statute of limitations bar applies
7 if the § 2255 motion may be denied on other grounds. Sometimes it will be easier for a court
8 to deny relief on the merits  than to figure out the issues relating to the statute of limitations.
9 Nothing in the statute prohibits a court from proceeding in that way..."

10 The above-cited cases explain that where a Court can clearly deny a petition on the
11 merits, it need not reach a determination regarding the statute of limitations. However,
12 reviewing the merits without first addressing affirmative defenses is the exception to the usual
13 practice of first dealing with affirmative defenses.  Moreover, at this stage of this proceeding,
14 the Court is unable to conclude that the merits may be easily resolved. The parties have yet
15 to have an opportunity to address issues relevant to the statute of limitations or the merits of
16 the petition.  Bypassing the statute of limitations issue and going directly to the merits as
17 Respondent requests would deny the Court its discretion to determine the case on statute of
18 limitations grounds even if judicial economy dictated it was better to do so.

19 Respondent asserts that the Court should avoid the "potentially complicated analysis"
20 and "a protracted hearing" regarding the statute of limitations. (Post-remand Briefing at p. 1,
21 ECF No. 73.) Respondent has provided no basis for concluding that determining the merits
22 would be less cumbersome for the Court to determine than the statute of limitations issues.

23 Without briefing or argument on relevant statute of limitations issues or the merits, the
24 Court cannot, and will not, make a preliminary determination of Petitioner's  likelihood of
25 success in overcoming the statute of limitations or in obtaining habeas relief.

26 ///

27

28     [3]It should be noted that the present petition, filed by a state prisoner proceeds under 28 U.S.C. § 2254, rather than section 2255.

**B.       Significant Concerns Warrant Addressing the Limitations Defense First**

Respondent asserts that the Court should only undertake review of the statute of limitations defense if Petitioner first makes a showing that he is entitled to relief. However, the procedural history of the present case militates against postponing review of the limitations defense. This petition has been pending for over five years, and Petitioner has been incarcerated since October, 2000.  The Ninth Circuit, mindful of Petitioner's advanced age, has repeatedly instructed this court to act in an expedited manner so that meaningful relief can be provided if Petitioner is entitled to it.

Petitioner argues that Respondent should not, after having challenged the timeliness of the petition in this Court and in the Court of Appeals, be able suddenly to switch focus and address the merits while leaving the timeliness issue unresolved.  The Court agrees. The Court believes that determination of the limitations defense at this time is more likely to ensure justice and finality for Petitioner.  Only if Petitioner can show that his claims are not barred by the statue of limitations will the Court address the substance of his claims. Respondent, while wanting to proceed on the merits, does not wave the limitations defense. Accordingly, it shall be determined at this time. This determination as to how to proceed is consistent with the Ninth Circuit's directive to proceed in an expedited manner "to determine whether any of Souliotes's habeas claims may be addressed on the merits."

## IV.     CONCLUSION AND ORDER

The Court hereby GRANTS Petitioner's request to proceed to hold an evidentiary hearing to determine: (1) whether Petitioner satisfies the diligence requirement of § 2244(d)(1)(D) with regard to his discovery of the new MPD evidence with regard to his stand-alone claim of actual innocence, and (2) whether Petitioner presents a claim of actual innocence to entitle him to an equitable exception under <u>Schlup v. Delo</u> to AEDPA's limitations period with regard to his underlying claims. The Court shall convene a scheduling conference with the parties to set the hearing, and discuss relevant issues regarding discovery and pre-

and post-hearing briefing.[4]

IT IS SO ORDERED.

Dated:    September 20, 2011            /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

---

[4]In post-remand briefing, Petitioner stated an intention to conduct further discovery.   Respondent took the position that  discovery should not be allowed. The Court will not determine any discovery issues at this time. The parties will have the opportunity to present their positions regarding discovery issues in connection with the scheduling of the  evidentiary hearing.