# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SOULIOTES,<br><br>         Petitioner,<br><br>     v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>        Respondent. | 1:06-cv-00667 AWI MJS HC<br><br>EVIDENTIARY HEARING SCHEDULING ORDER<br><br>Deadlines for Briefs Regarding Scope of Hearing and Discovery :<br>    Initial Breifing: October 28, 2011<br>    Replies: November 4, 2011<br><br>Witness Disclosure Deadline:<br>    Non-Expert:  November 14, 2011[1]<br>    Expert: December 1, 2011<br><br>Discovery Deadline:<br>    January 2, 2012<br><br>Pre-Hearing Conference:<br>    January 5, 2012 at 9:30 a.m.<br>    Courtroom 6 (MJS)<br><br>Evidentiary Hearing:<br>    January 24, 2012 at 9:30 a.m.<br>    Courtroom 6 (MJS)<br>    3-5 Days |

---

[1]Note: This change is discussed below.

1   **I.   Introduction**

2          On August 17, 2011, the Ninth Circuit remanded this case to this Court for further

3   proceedings. The order, in its entirety, states:

4          In light of the intervening en banc decision in Lee v. Lampert, No. 09-35276,
           2011 U.S. App. LEXIS 15830, 2011 WL 3275947 (9th Cir. Aug. 2, 2011) (en

5          banc), we vacate our opinion in Souliotes v. Evans, 622 F.3d 1173 (9th Cir.
           2010), reverse the district court's dismissal of Souliotes's habeas petition as

6          untimely, and remand for proceedings consistent with Lee.

7          We also vacate our order of limited remand issued on May 25, 2011, with the
           understanding that the district court will conduct whatever proceedings are

8          necessary, in an expedited manner, to determine whether any of Souliotes's
           habeas claims may be addressed on the merits.

9
    Souliotes v. Evans, 2011 U.S. App. LEXIS 17034, 1-2 (9th Cir. Aug. 17, 2011).

10
           On September 21, 2011, this Court ordered that the case proceed with an

11
    evidentiary hearing to determine if the statute of limitations was tolled or otherwise

12
    excepted with regard to the claims in Petitioner's federal petition. (Order, ECF No. 79.)

13
    Specifically, the order granted "Petitioner's request to proceed to hold an evidentiary

14
    hearing to determine: (1) whether Petitioner satisfies the diligence requirement of §

15
    2244(d)(1)(D) with regard to his discovery of the new MPD evidence with regard to his

16
    stand-alone claim of actual innocence, and (2) whether Petitioner presents a claim of

17
    actual innocence to entitle him to an equitable exception under Schlup v. Delo to AEDPA's

18
    limitations period with regard to his underlying claims."

19
           On October 13, 2011, a telephonic scheduling conference was held to discuss pre-

20
    hearing and hearing procedures and issues. Attorney Jimmy McBirney appeared on behalf

21
    of Petitioner. Attorney Kathleen McKenna appeared on behalf of Respondent.

22
           This Scheduling Order implements and effectuates the agreements and decisions

23
    made at the October 13, 2011 scheduling conference.

24
    **II.   Briefing Regarding Scope of Hearing and Discovery**

25
           The parties disagree as to the scope of discovery and the scope of evidence to be

26
    presented at the hearing. The parties shall submit briefing to the Court on such issues on

27
    or before **October 28, 2011.** Each party shall be provided an opportunity to file a reply to

28

the opposing parties' brief on or before **November 4, 2011.**  The Court will address and

resolve the issues raised without a hearing.

In preparing briefs on the issues of scope of discovery and evidence to be presented

at the evidentiary hearing, the parties are directed to the following recent Ninth Circuit and

Supreme Court reiterations of the standard for reviewing actual innocence gateway claims.

In Lee v. Lampert, the Ninth Circuit held:

> In order to present otherwise time-barred claims to a federal habeas
> court under Schlup, a petitioner must produce sufficient proof of his actual
> innocence to bring him "within the 'narrow class of cases . . . implicating a
> fundamental miscarriage of justice.'" 513 U.S. at 314-15 (quoting McCleskey,
> 499 U.S. at 494). The evidence of innocence must be "so strong that a court
> cannot have confidence in the outcome of the trial unless the court is also
> satisfied that the trial was free of nonharmless constitutional error." Id. at
> 316.
>
> To pass through the Schlup gateway, a "petitioner must show that it
> is more likely than not that no reasonable juror would have convicted him in
> the light of the new evidence." Id. at 327; House, 547 U.S. at 538. This
> exacting standard "permits review only in the 'extraordinary' case," but it
> "does not require absolute certainty about the petitioner's guilt or innocence."
> House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 327). As we have
> previously said, "where post-conviction evidence casts doubt on the
> conviction by undercutting the reliability of the proof of guilt, but not by
> affirmatively proving innocence, that can be enough to pass through the
> Schlup gateway to allow consideration of otherwise barred claims." Sistrunk
> v. Armenakis, 292 F.3d 669, 673 (9th Cir. 2002) (en banc) (citing Carriger v.
> Stewart, 132 F.3d 463, 478-79 (9th Cir. 1997) (en banc)).
>
> Schlup requires a petitioner "to support his allegations of constitutional
> error with new reliable evidence—whether it be exculpatory scientific
> evidence, trustworthy eyewitness accounts, or critical physical
> evidence—that was not presented at trial." Schlup, 513 U.S. at 324. The
> habeas court then "consider[s] all the evidence, old and new, incriminating
> and exculpatory," admissible at trial or not. House, 547 U.S. at 538 (internal
> quotation marks omitted); Carriger, 132 F.3d at 477-78. On this complete
> record, the court makes a "'probabilistic determination about what
> reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538
> (quoting Schlup, 513 U.S. at 329).

Lee v. Lampert, 2011 U.S. App. LEXIS 15830, 20-23 (9th Cir. Or. Aug. 2, 2011) (en banc).

The Supreme Court, in House v. Bell elaborates on the manner in which a district

court is to determine a claim of actual innocence:

> For purposes of this case several features of the Schlup standard
> bear emphasis. First, although "[t]o be credible" a gateway claim requires
> "new reliable evidence--whether it be exculpatory scientific evidence,
> trustworthy eyewitness accounts, or critical physical evidence--that was not

1    presented at trial," id., at 324, 115 S. Ct. 851, 130 L. Ed. 2d 808, the habeas
2    court's analysis is not limited to such evidence. ... In addition, ...we have no
     occasion to elaborate on Schlup's observation that when considering an
3    actual-innocence claim in the context of a request for an evidentiary hearing,
     the District Court need not "test the new evidence by a standard appropriate
4    for deciding a motion for summary judgment," but rather may "consider how
     the timing of the submission and the likely credibility of the affiants bear on
5    the probable reliability of that evidence." 513 U.S., at 331-332, 115 S. Ct.
     851, 130 L. Ed. 2d 808. Our review in this case addresses the merits of the
6    Schlup inquiry, based on a fully developed record, and with respect to that
     inquiry **Schlup makes plain that the habeas court must consider "'all the
7    evidence,'" old and new, incriminating and exculpatory, without regard
     to whether it would necessarily be admitted under "rules of
8    admissibility that would govern at trial."** See id., at 327-328, 115 S. Ct.
     851, 130 L. Ed. 2d 808 (quoting Friendly, Is Innocence Irrelevant? Collateral
9    Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)). Based
     on this total record, the court must make "a probabilistic determination about
10   what reasonable, properly instructed jurors would do." 513 U.S., at 329, 115
     S. Ct. 851, 130 L. Ed. 2d 808. The court's function is not to make an
11   independent factual determination about what likely occurred, but rather to
     assess the likely impact of the evidence on reasonable jurors. Ibid.

12        ...

13        Finally, as the Schlup decision explains, the gateway actual-innocence
     standard is "by no means equivalent to the standard of Jackson v. Virginia,
14   443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)," which governs
     claims of insufficient evidence. Id., at 330, 99 S. Ct. 2781, 61 L. Ed. 2d 560.
15   When confronted with a challenge based on trial evidence, courts presume
     the jury resolved evidentiary disputes reasonably so long as sufficient
16   evidence supports the verdict. **Because a Schlup claim involves evidence
     the trial jury did not have before it, the inquiry requires the federal court
17   to assess how reasonable jurors would react to the overall, newly
     supplemented record. See ibid. If new evidence so requires, this may
18   include consideration of "the credibility of the witnesses presented at
     trial." Ibid.; see also ibid. (noting that "[i]n such a case, the habeas
19   court may have to make some credibility assessments").**

20   House v. Bell, 547 U.S. 518, 537-539 (2006) (emphasis added).

21   **III.    Witness Disclosure**

22        A.    Non-Expert Witnesses

23        At the Scheduling Conference the parties agreed to, and the Court announced its

24   intent to order, disclosure of all witnesses, both expert and non-expert, on December 1,

25   2011. On reflection, the Court is concerned that delaying all witness disclosure until that

26   date may make it difficult to complete discovery before the Pre-Hearing Conference.

27

28                                   -4-

Moreover, given the parties' familiarity with the case and the law applicable thereto, they should be able to identify anticipated non-expert witnesses, if any, once this Court has ruled on the scope of discovery and the scope of the hearing. Accordingly, the Court hereby ORDERS that the names and last known mailing, street, and email addresses and the telephone numbers of all non-expert witnesses expected to be called to present evidence at the Hearing be provided in writing to opposing counsel and the Court on or before November 14, 2011.[2]

B. Expert Witnesses

On or before **December 1, 2011**, the parties shall disclose to one another and to the Court in writing all expert witnesses they anticipate may be called to present evidence at the Hearing. The written designation of experts, to the extent practicable, shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such witnesses who are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony. The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

**IV.    Discovery and Exchange of Information**

**The parties are directed to coordinate and cooperate with one another** and the

---

[2] Alternatively, if the Court's ruling on the scope of discovery and the scope of the hearing issues after November 14, 2011, the parties shall provide such disclosure within two court days of the issuance of the order.

witnesses to ensure that all discovery authorized by the Court will be completed in a manner that will not interfere with or delay any proceedings provided for hereunder. If the Court authorizes discovery, the parties need not wait until November 14, 2011, to identify non-expert witnesses or until December 1, 2011, to disclose expert witnesses and conduct discovery as to those witnesses.  Thus, if either party wishes to and does identify a proposed witness or witnesses, lay or expert, prior to the disclosure dates, the parties are directed to meet and confer and agree on a time and place for discovery relating to that witness even if before the disclosure dates provided for herein.

In his August 26, 2011, Brief (ECF No. 74), Petitioner gave notice of his intent to subpoena records from the Modesto (Stanislaus County) District Attorney's Office and the Modesto Police department relating to their investigations of Petitioner's underlying case and relating to Moncia Sandoval, a witness in the underlying case. If authorized by this Court, production of such records must proceed promptly so as not to delay discovery or the hearing in this case.  Accordingly,  **Respondent shall forthwith** communicate with those governmental entities and determine the accessibility of such records and immediately advise the Court if she is given reason to believe that there might be delay beyond December 1, 2011, in production of them. Otherwise, Respondent shall advise the Court of the results of her inquiry in her October 28, 2011 brief.

If either party concludes that the other is not cooperating fully in a mutual effort to ensure discovery is conducted expeditiously, that party shall schedule a telephonic discovery dispute conference with opposing counsel and Magistrate Judge Michael Seng by calling Career Clerk Jeremy Clar at 209-372-0320 extension 222 or Courtroom Deputy Laurie Yu at 209-372-8917.

Absent written stipulation of the parties filed with this Court or further order of this Court for good cause shown, all **discovery** in this case **shall be concluded by January 2, 2012.**

Counsel for Petitioner has notified the Court that Petitioner shall be called as a witness. The Court shall *sua sponte* issue a Writ of Habeas Corpus ad Testificandum

1    ordering Petitioner's attendance at the hearing.

2    **V.  Pre-Hearing Conference**

3         A Pre-Hearing Conference shall be held on **January 5, 2012**, at 9:30 a.m. in

4    Courtroom 6 in Fresno, California before the Honorable Michael J. Seng, U.S. Magistrate

5    Judge.

6         The parties are ordered to file **before noon on January 4, 2012**, a **Joint Pretrial

7    Statement generally in accord with the provisions of Local Rule 281(a)(2).**[3] The

8    parties are further directed to submit a digital copy of their pretrial statement in Word

9    Perfect X4[4] format, directly to Judge Seng's chambers by email at

10   mjsorders@caed.uscourts.gov.

11        Counsels' attention is directed to **Rules 281 and 282 of the Local Rules** of Practice

12   for the Eastern District of California, as to the obligations of counsel in preparing for the

13   pre-hearing conference. Again, the Court instructs the parties to use discretion in referring

14   to the Local Rules as a template for disposing of relevant issues that arise in an evidentiary

15   hearing rather than trial.

16        If either party wishes to file a pre-hearing brief beyond such as are required herein,

17   the brief shall be filed at the same time as the parties' Joint Pretrial Statement.

18   **VI.  Hearing Date**

19        The Hearing shall commence on **January 24, 2012**, at 9:30 a.m. in Courtroom 6

20   before the Honorable Michael J. Seng, United States Magistrate Judge. Based on

21   Counsels' estimate, the Court will reserve five days for the Hearing.

22   ///

23   ────────────────

24        [3]Local Rule 281 is not directly applicable to evidentiary hearings in habeas corpus petitions.  The
     parties may use reasonable judgment in determining what should be included in the statement.  For

25   example, the parties may omit joint statements with regard to the following issues listed under Local Rule
     281(b): (1) Jurisdiction - Venue, (2) Jury- Non Jury, (6) Special Factual Information, (16) Settlement

26   Negotiations, and (20) Attorney' Fees. Further, any reference in the Local Rule to 'trial' shall be considered
     a reference to the present evidentiary hearing.

27
          [4] If WordPerfect X4 is not available to the parties then the latest version of WordPerfect available

28   to the parties or any other word processing program in general use for IBM compatible personal
     computers is acceptable.

**VII.    Post Hearing Briefing**

A determination regarding post-hearing briefing shall be made by the Court at the conclusion of the Hearing.

**VIII.   Effect of This Order**

The foregoing order represents the best estimate of the Court and counsel as to the agenda most suitable for the scheduling of this matter consistent with the Ninth Circuit's order that an **expedited hearing** be held. The hearing date reserved is specifically reserved for this case.  If the parties conclude at any time that the schedule outlined in this order cannot be met, they shall notify the Court immediately.  If either party concludes that the other is not cooperating fully in a mutual effort to ensure this schedule is met, that party shall schedule a telephonic discovery dispute conference with opposing counsel and Magistrate Judge Michael Seng by calling Career Clerk Jeremy Clar at 209-372-0320 extension 222 or Courtroom Deputy Laurie Yu at 209-372-8917.

**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:    October 14, 2011           /s/ *Michael J. Seng*
ci4d6                                    UNITED STATES MAGISTRATE JUDGE