UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SOULIOTES,<br><br>                    Petitioner,<br><br>         v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>                    Respondent. | 1:06-cv-00667 AWI MJS HC<br><br>ORDER REGARDING SCOPE OF EVIDENTIARY HEARING AND DISCOVERY |

I. **INTRODUCTION**

On August 17, 2011, the Ninth Circuit remanded the case to this Court for the following purpose:

> In light of the intervening en banc decision in Lee v. Lampert, No. 09-35276, 2011 WL 3275947 (9th Cir. Aug. 2, 2011) (en banc), we vacate our opinion in Souliotes v. Evans, 622 F.3d 1173 (9th Cir. 2010), reverse the district court's dismissal of Souliotes's habeas petition as untimely, and remand for proceedings consistent with Lee.
>
> We also vacate our order of limited remand issued on May 25, 2011, with the understanding that the district court will conduct whatever proceedings are necessary, in an expedited manner, to determine whether any of Souliotes's habeas claims may be addressed on the merits.

The Ninth Circuit Court of Appeals granted Petitioner's request for an evidentiary hearing regarding Petitioner's attempt to use the actual innocence gateway as described in Schlup

1

v. Delo, 513 U.S. 298, 315, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). If Petitioner makes a showing that he is 'actually innocent' he is entitled to have otherwise untimely claims heard on the merits. Petitioner shall also present evidence that he was diligent in presenting his stand alone actual innocence claim and therefore entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(D).

The parties initially expressed some disagreement as to the scope of the hearing and the scope of discovery necessary to prepare for the hearing. The Court's scheduling order directed briefing on these issues. (Order, ECF No. 84.) Each party filed an initial brief on October 28, 2011 and then a reply brief on November 4, 2011. (ECF Nos. 85-86, 88-89.) A hearing on the discovery and related issues was convened by the Court on November 9, 2001. Petitioner appeared telephonically through his counsel, Jimmy McBirney, and Respondent appeared, also telephonically, through his counsel, Kathleen McKenna.

The following order reflects the parties' agreements and the Court's orders on the issues addressed during the hearing.

## II. SCOPE OF THE HEARING

### A. Relevant Supreme Court and Ninth Circuit Precedent

In order to better frame the discussion regarding the scope of discovery and evidence to be presented at the evidentiary hearing, the Court directed the parties to recent reiterations of the standard for reviewing actual innocence gateway claims by the Ninth Circuit and the Supreme Court. (Scheduling Order, pp. 3-4, ECF No. 84.), Specifically, the order recited the following statements of law.

In Lee v. Lampert, the Ninth Circuit held:

> In order to present otherwise time-barred claims to a federal habeas court under Schlup, a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" 513 U.S. at 314-15 (quoting McCleskey, 499 U.S. at 494). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Id. at 316.

> To pass through the Schlup gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 327; House, 547 U.S. at 538. This exacting standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence." House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 327). As we have previously said, "where post-conviction evidence casts doubt on the conviction by undercutting the reliability of the proof of guilt, but not by affirmatively proving innocence, that can be enough to pass through the Schlup gateway to allow consideration of otherwise barred claims." Sistrunk v. Armenakis, 292 F.3d 669, 673 (9th Cir. 2002) (en banc) (citing Carriger v. Stewart, 132 F.3d 463, 478-79 (9th Cir. 1997) (en banc)).
>
> Schlup requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory," admissible at trial or not. House, 547 U.S. at 538 (internal quotation marks omitted); Carriger, 132 F.3d at 477-78. On this complete record, the court makes a "'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329).

Lee v. Lampert, 2011 U.S. App. LEXIS 15830, 20-23 (9th Cir. Or. Aug. 2, 2011) (en banc).

Further, the Supreme Court, in House v. Bell elaborates on the manner in which a district court is to determine a claim of actual innocence:

> For purposes of this case several features of the Schlup standard bear emphasis. First, although "[t]o be credible" a gateway claim requires "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," id., at 324, 115 S. Ct. 851, 130 L. Ed. 2d 808, the habeas court's analysis is not limited to such evidence. ... In addition, ...we have no occasion to elaborate on Schlup's observation that when considering an actual-innocence claim in the context of a request for an evidentiary hearing, the District Court need not "test the new evidence by a standard appropriate for deciding a motion for summary judgment," but rather may "consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." 513 U.S., at 331-332, 115 S. Ct. 851, 130 L. Ed. 2d 808. Our review in this case addresses the merits of the Schlup inquiry, based on a fully developed record, and with respect to that inquiry **Schlup makes plain that the habeas court must consider "'all the evidence,'" old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under "rules of admissibility that would govern at trial."** See id., at 327-328, 115 S. Ct. 851, 130 L. Ed. 2d 808 (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)). Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do." 513 U.S., at 329, 115

S. Ct. 851, 130 L. Ed. 2d 808. The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors. Ibid.

...

Finally, as the Schlup decision explains, the gateway actual-innocence standard is "by no means equivalent to the standard of Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)," which governs claims of insufficient evidence. Id., at 330, 99 S. Ct. 2781, 61 L. Ed. 2d 560. When confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict. **Because a Schlup claim involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record. See ibid. If new evidence so requires, this may include consideration of "the credibility of the witnesses presented at trial." Ibid.; see also ibid. (noting that "[i]n such a case, the habeas court may have to make some credibility assessments").**

House v. Bell, 547 U.S. 518, 537-539 (2006) (emphasis added).

### B.     The Parties' Contentions Regarding Scope of Hearing

The Parties appear now to be in agreement that the scope of the hearing regarding actual innocence is determined by the criteria set forth by the Supreme Court in House v. Bell and restated by the Ninth Circuit in Lee v. Lampert. Petitioner's briefing on October 28, 2011 appears to reiterate the same standards. (See Pet'r's Briefing, pp. 1-2, ECF No. 86.) Respondent also refers to the standards set forth in House with regard to the scope of the hearing. (See Resp't's Briefing, pp.4-5, ECF No. 85.) As the parties and the Court are in agreement as to the scope of the evidentiary hearing relating to actual innocence, the hearing shall encompass the evidence discussed in House and Lee described above.

### C.     A Showing of Diligence May Be Required for the Actual Innocence Exception

Respondent has asserted in her briefing that in order to present an actual innocence gateway claim, the Petitioner must make an initial showing of diligence. See Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003).

There is a split among the Federal Circuit Courts as to whether diligence is required for an actual innocence gateway claim. See Souter v. Jones, 395 F.3d 577, 601 n.16 (6th

Cir. 2005) ("[G]iven the grave constitutional concerns which are raised by the incarceration of one who is actually innocent, we decline to impose additional requirements [specifically a showing of diligence] upon a petitioner beyond those which the Supreme Court has set forth in its habeas corpus jurisprudence.").

The Ninth Circuit has yet to state whether a diligence requirement is necessary. Recently, in Lee v. Lampert, 653 F.3d at 929 n.9, the court stated:

> Because this case does not present the question, we need not—and do not—decide what diligence, if any, a petitioner must demonstrate in order to qualify for the actual innocence exception recognized in this opinion. Compare, e.g., Lopez, 628 F.3d at 1231 (requiring no showing of diligence by a petitioner seeking equitable tolling on actual innocence grounds), with Flanders, 299 F.3d at 978 (requiring a petitioner seeking equitable tolling on actual innocence grounds to show either that a state-created barrier prevented his timely discovery of relevant facts or that a "reasonably diligent petitioner" could not have discovered such facts in time to file within the limitations period).

Id.

Since the issue remains open in the Ninth Circuit, the parties shall address in briefs to be submitted at or before the January 24, 2012, evidentiary hearing whether Petitioner was required by law to be diligent in presenting his actual innocence exception claim. Absent a prior ruling from this Court to the contrary, all evidence relating to diligence shall be presented at the evidentiary hearing.

## III.    SCOPE OF DISCOVERY

### A.    Relevant Authority Governing Discovery in Habeas Proceedings

Rule 6 of the Rules Governing Section 2254 Cases ("Rule 6") allows for discovery in habeas proceedings. The rule in its entirety states:

Rule 6.  Discovery

(a) Leave of court required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

(b) Requesting discovery. A party requesting discovery must provide reasons

5

    for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

    (c) Deposition expenses. If the respondent is granted leave to take a deposition, the judge may require the respondent to pay the travel expenses, subsistence expenses, and fees of the petitioner's attorney to attend the deposition.

Furthermore, Rule 12 of the Rules Governing Section 2254 Cases states that "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Accordingly, to the extent Rule 6 does not provide to the contrary, this Court will look to the discovery rules in the Federal Rules of Civil Procedure for guidance.

### B.    Good Cause Found; Discovery Authorized

Respondent correctly asserts that Rule 6 requires a showing of good cause for discovery relating to the substantive merits of a habeas claim. See Rule 6; McDaniel v. United States Dist. Court, 127 F.3d 886, 888 (9th Cir. 1997). Respondent then observes that since an actual innocence gateway claim is not a substantive claim on the merits that could entitle Petitioner to relief, discovery may be less appropriate or less extensive. In support of this position, Respondent cites Bracy v. Gramley, 520 U.S. 899, 908-909 (1997), that held "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry."

The Court finds Bracy to be inapposite. It dealt with discovery directed towards Petitioner's underlying claims entitling him to relief. The present case is not so directed. Additionally, Rule 6 does not limit discovery to facts demonstrating that petitioner is entitled to relief. Rule 6 requires a showing of good cause. Here, good cause is inherent in Petitioner's assertion that, given his actual innocence, a miscarriage of justice would result if he were not permitted to fully discover and pursue his claims.  Several federal courts

have so held. For example, the District of Idaho provided the following reasoning in allowing discovery relating to such issues. It stated:

> The Court may expand the record under Rule 6 of the Rules Governing § 2254 cases with items not presented to the state court that are relevant to the issues of cause and prejudice. Several federal courts facing this issue have determined that, when the petitioner is requesting discovery to prove the merits of a claim, § 2254(e)(2) applies, but when the petitioner is requesting discovery to show cause and prejudice or a miscarriage of justice, such a request likely "does not implicate § 2254(e)(2)" and may "establish[] 'good cause' under Rule 6." Charles v. Baldwin, 1999 U.S. Dist. LEXIS 13909, 1999 WL 375591, at *2 (D.Or. 1999), aff'd on recons., Charles v. Baldwin, 1999 U.S. Dist. LEXIS 6341, CV-97-380-ST, 1999 WL 694716 (D. Or. 1999), aff'd on appeal in unpub. op., Charles v. Baldwin, 2002 WL 31395774 (9th Cir. 2002); see also Cristin v. Brennan, 281 F.3d 404, 418-19 (3rd Cir. 2002) (there is "no indicia that Congress intended § 2254(e)(2)'s restrictions on evidentiary hearings to apply, in addition to hearings on the merits, to hearings on excuses to procedural default); accord Sibley v. Culliver, 377 F.3d 1196 (11th Cir. 2004); see generally Griffin v. Johnson, 350 F.3d 956, 966 (9th Cir. 2003) (acknowledging but declining to address the issue of whether § 2254(e)(2) governs a request for a hearing on actual innocence).
>
> The Court agrees with the Oregon District Court and the Third and Eleventh Circuits that a petitioner does not have to satisfy § 2254(e)(2) if the issues at hand are cause and prejudice and actual innocence as excuses for procedural default. Consequently, Petitioner shall be entitled to expand the record with his forms for these purposes only.

Neault v. Blades, 2006 U.S. Dist. LEXIS 47733, 4-6 (D. Idaho July 7, 2006); see also Cox v. Paskett, 2006 U.S. Dist. LEXIS 72493, 32-34 (D. Idaho, Sept. 29. 2006). While the Idaho district court was addressing claims relating to procedural default, this Court finds its reasoning equally applicable to the statue of limitations issue here, especially given the recent expansion of the miscarriage of justice exception by the Ninth Circuit in Lee v. Lampert, 653 F.3d 929.

It is to be noted that a showing of good cause does not require Petitioner to conclusively show that he will obtain favorable evidence or prevail on the claim. Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005).[1] In light of the above case law and the nature

---

[1] "We do not reach the merits of Pham's Brady claim. To obtain Rule 6(a) discovery of the laboratory notes, Pham need not demonstrate that he will ultimately prevail on his underlying [claim.] See Bracy, 520 U.S. at 909 ("It may well be, as the Court of Appeals predicted, that petitioner will be unable to

and import of the claims presented here, the Court finds that Petitioner has made a showing of good cause and is entitled to discovery under Rule 6 consistent with the issues to be addressed at the evidentiary hearing. Specifically, the Court hereby authorizes Petitioner to issue and serve the four subpoenas for the production of documents from various law enforcement and municipal agencies attached as exhibits to Petitioner's Briefing. (Brief, Ex. A, ECF No. 86.)  However, Petitioner shall extend the date and time for production to not earlier than November 16, 2011.

Respondent is concerned that Petitioner's requests are expansive and constitute an impermissible 'fishing expedition'. The Court is aware of the breadth of the discovery requests, but finds them sufficiently narrow and fully appropriate to the context of this case. Given the scope of the hearing as set out above and the substantial issues to be resolved at the hearing, the Court is of the view that any matter a reasonable person would believe to have the potential to relate to Petitioner's actual innocense claim will be discoverable unless a specific exception based on the facts and sound  law establishes the contrary. This view shall guide both parties and their witnesses.  Delay and interference will not be tolerated.

To the extent a party concludes in good faith that it is necessary to discover expected witness testimony in order to prepare for the hearing or expedite the presentation of evidence at the hearing, the parties shall meet and confer and mutually agree on the most efficient and economical means of exchanging such information.

Nothing herein is intended to deprive either party of recourse should proposed discovery prove inappropriate or be inappropriately refused.  If, after meeting and conferring, the parties prove incapable of resolving a good faith discovery dispute themselves, either may petition the Court in the manner described in **Section IV,** below,

---

obtain evidence sufficient to support a finding of actual judicial bias in the trial of his case, but we hold that he has made a sufficient showing . . . to establish 'good cause' for discovery." Id.

1  for an expedited hearing and resolution of such dispute.

## C.      Evidence Relating to Monica Sandoval

Petitioner requests potentially exculpatory evidence relating to the witness Monica Sandoval. Under California law, it is well settled that a defendant sentenced to death or life without the possibility of parole is entitled during post conviction appeals to materials in the possession of law enforcement authorities the same as the defendant was entitled at trial. See Cal. Penal Code § 1054.9; Barnett v. Superior Court, 50 Cal. 4th 890, 897 (2010); In re Steele, 32 Cal. 4th 682 (2004). The California Supreme Court, in In re Steele, described the type of materials that the state has a duty to provide:

> [S]ection 1054.9 clearly permits record reconstruction; thus, the defendant is entitled to materials the prosecution provided at trial but that the defendant can show have since been lost. We believe it also includes materials to which the defendant was actually entitled at the time of trial, but did not receive. This category includes specific materials that the defendant can show the prosecution should have provided (but did not provide) at the time of trial because they came within the scope of a discovery order the trial court actually issued at time of trial or a statutory duty to provide discovery. (See Pen. Code, § 1054 et seq.) Additionally, "The prosecution has a duty under the Fourteenth Amendment's due process clause to disclose evidence to a criminal defendant" that is "both favorable to the defendant and material on either guilt or punishment." ( In re Sassounian (1995) 9 Cal.4th 535, 543 [37 Cal. Rptr. 2d 446, 887 P.2d 527]; see also Brady v. Maryland (1963) 373 U.S. 83 [10 L. Ed. 2d 215, 83 S. Ct. 1194] (Brady).) Finally, this category includes materials the prosecution should have provided at time of trial because the defense specifically requested them at that time and was entitled to receive them.

In re Steele, 32 Cal. 4th at 695.

Petitioner, as a state prisoner sentenced to life without the possibility of parole, is entitled to the materials enumerated under Section 1054.9. The Court is unaware of any reason why the state's duty to provide such materials should be relieved during Petitioner's federal post-conviction appeals. Absent a good faith contention, based upon sound and clearly enunciated and supported legal principal, that some portion of those files are privileged or otherwise not discoverable, the entire said file shall be produced.

## D.      Respondent's Request to Depose Trial Counsel

Respondent has asserted an intent to depose trial counsel.  Petitioner objects that such testimony, while relevant to Petitioner's ineffective assistance of counsel claim, is not relevant to the claims at issue at this January 24, 2012, evidentiary hearing.

The Court finds that reasonableness of trial counsel's conduct is not relevant at this time. Absent further order of this Court, no deposition of Petitioner's trial counsel may proceed. This ruling is without prejudice to Respondent's right to renew his request if and to the extent he seeks to dispose trial counsel regarding issues relating to Petitioner's purported factual innocence.

## IV.     EXPEDITED HEARINGS ON EVIDENTIARY DISPUTES

Given the weight of the issues to be addressed in this case and the Ninth Circuit's mandate to proceed with the evidentiary hearing in an expedited manner, the parties have agreed to and the Court has ordered an ambitious schedule for preparation for and conduct of the evidentiary hearing.  Any activity that  threatens that schedule will be viewed with great disfavor and, as appropriate, met with sanctions.

To further this goal the Court announced and the parties agreed to the following procedures for addressing and resolving threatened delays and any disputes that might arise.

First, the parties' respective counsel shall, without Court intervention, meet and confer promptly and professionally and undertake to resolve any such dispute between themselves, and if necessary, with any third party.  If they are unable to do so, either party may contact the Court's Court Room Deputy (Laurie Yu at 209-372-8917 or lyu@caed.uscourts.gov) or Career Clerk (Jeremy Clar, at 209-372-0320, Extension 222, or Jclar@caed.uscourt.gov, and request an expedited hearing to address and resolve the dispute.  The Court will endeavor to convene such a hearing within **not more than** twenty four (24) hours of the request being received; if a more  immediate hearing is necessary, for example, during the course of a deposition, the Court will attempt to provide it.  To

10

accommodate this approach each party shall submit at least one hour before the scheduled hearing an abbreviated brief of no more than **three (3)** double-spaced pages summarizing the essential facts giving rise to the dispute and citing to law that justifies the position being taken.  The hearing shall be held telephonically and without a record being made. Unless otherwise noted, the Court shall rule on the issue during the hearing; no written memorandum of decision will be issued.  <u>If the Court finds that either party failed to act reasonably, in good faith and with proper authority in causing or bringing the matter on for hearing, sanctions will be imposed.</u>

     Any request to deviate from the any of the above procedures shall be made in writing at the time the hearing is requested.

IT IS SO ORDERED.

Dated:   November 10, 2011         /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE