UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE SOULIOTES, | ) | 1:06-cv-00667 AWI MJS HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND RECOMMENDATION, DENYING RESPONDENT'S MOTION TO DISMISS BASED ON THE AEDPA'S STATUTE OF LIMITATIONS, AND FINDING PETITIONER HAS SHOWN SUFFICIENT EVIDENCE OF INNOCENSE TO SERVE AS AN EXCEPTION TO THE AEDPA'S STATUTE OF LIMITATIONS  [Doc. 141] |
| v. | ) | |
| ANTHONY HEDGPETH, Warden, | ) | |
| | ) | |
| Respondent. | ) | ORDER REFERRING ACTION TO MAGISTRATE JUDGE MICHAEL J. SENG FOR A STATUS CONFERENCE |

**BACKGROUND**

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 26, 2012, Magistrate Judge Michael J. Seng issued a Findings and Recommendation that recommended the court find Petitioner has made a sufficient showing of actual innocence to serve as an equitable exception to the one year statute of limitations set forth by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") See 28 U.S.C. § 2244(d).   This Findings and Recommendation was served on all parties with notice that any objections were to be filed within fourteen days.  Upon obtaining extensions of time, Respondent filed timely objections to the Findings and Recommendation on May 21, 2012 and Petitioner filed a reply to the objections on June 6, 2012.

1

# DISCUSSION

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. "De novo review means that the reviewing court does not defer to the lower court's ruling but freely considers the matter anew, as if no decision had been rendered below." Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009) (internal quotations and citation omitted).

Having carefully reviewed Magistrate Judge Seng's Findings and Recommendation, Respondent's objections, and Petitioner's reply, the court concludes that the Findings and Recommendation is supported by the record and proper analysis. The procedural history, facts, and legal issues are well known to the parties and correctly set forth in the Findings and Recommendation. They need not be repeated here. The court only briefly comments on the parties' commentary regarding the Findings and Recommendation.

### A.   *Expedient Resolution of the Present Matter*

Preliminarily, the court notes that the present matter has been pending before this court for over six years. On September 20, 2010, the Ninth Circuit remanded the matter back to this court to hold an expedited evidentiary hearing to determine if the petition was timely under 28 U.S.C. § 2244(d)(1)(D), and if so, adjudicate the merits of his petition on an expedited basis. See Souliotes v. Evans, 622 F.3d 1173, 1182 (9th Cir. 2010). Again, on May 25, 2011, the Ninth Circuit remanded the matter, despite the fact that an *en banc* panel of the Ninth Circuit would be issuing intervening authority shortly thereafter, and again, the Ninth Circuit ordered this court to perform an expedited evidentiary hearing. See Souliotes v. Evans, 434 Fed. App. 660, 661 (9th Cir. 2011) ("The Court is mindful of the amount of time that has elapsed since Souliotes filed his habeas petition. The Court is also aware that Souliotes is no longer a young man and that, for him to have a meaningful right to habeas review, the timing of proceedings is significant.") Finally, on August 11, 2011, after remanding the matter in light of the intervening decision in Lee v. Lampert, 653 F.3d 929, 931 (9th Cir. 2011) (en banc), the Ninth Circuit again ordered the court to adjudicate this matter in an expedited manner. Souliotes v. Evans, 654 F.3d 902 (9th Cir. 2011).

Magistrate Judge Seng has reminded the parties of the Ninth Circuit's admonitions to adjudicate this matter with due haste numerous times.[1] The undersigned shares the concerns of the Ninth Circuit and the Magistrate Judge. The present finding that Petitioner has made a sufficient showing of actual innocence only heightens such concerns. The court further notes that all parties have been on notice of Petitioner's underlying claims since they were set forth in his petition filed six years ago.

### B.     *Legal Standard for the Actual Innocence Exception*

Respondent asserts that the Magistrate Judge misapplied the actual innocence standard by reviewing trial evidence that should not have been considered, erring in making credibility determinations of witnesses, and wrongly finding Petitioner made a sufficient showing of "innocence" even though Petitioner did not present conclusive evidence of exoneration. Respondent's contentions are misplaced.

### 1.     *Scope of Evidence to be Considered*

The Magistrate Judge correctly set forth, and thereafter applied, the evidence to be considered when determining if Petitioner has made a sufficient showing of actual innocence to excuse the AEDPA's statute of limitations. Specifically, the Magistrate Judge followed the directives of the Supreme Court in House v. Bell, 547 U.S. 518 (2006), which held that "Schlup makes plain that the habeas court must consider 'all the evidence', old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial.'" Bell, 547 U.S. 537-38 (quoting Schlup v. Delo, 513 U.S. 298, 327-38 (1995)).

Respondent objects to the Magistrate Judge's review of "old evidence" - i.e. evidence that has not changed since the time of trial. Specifically, Respondent contends that evidence impeaching Monica Sandoval's testimony, including her ability to have observed the RV driver's facial features from her apartment balcony, Petitioner's lack of a convincing financial motive, evidence of other RV's were in the area, and evidence challenging the techniques used

---

[1] See Order, ECF No. 79 at 2-3; Scheduling Order, ECF No. 84 at 2, 8; Order, ECF No. 92 at 10-11; Pre-Hearing Order, ECF No. 113 at 16-17; Order, ECF No. 145.

by the criminal investigators, was not new evidence and should not have been considered in the actual innocence analysis.[2]  See Objections at 17, 23, 35, 40, 42-44.   However, this court is required to view all the evidence, both old and new, and make "a probabilistic determination about what reasonable, properly instructed jurors would do."   House, 547 U.S. at 538. Petitioner brought forth new evidence regarding the ability to differentiate the Medium Petroleum Distillates ("MPD") that had linked the fire and his shoes.   In light of this new evidence, Magistrate Judges Seng's review of all of the evidence, old and new, was a proper application of Supreme Court precedent.

Respondent's objections provide a lengthy factual summary.  The same facts were reviewed by Magistrate Judge Seng, as restated in the Findings and Recommendation, and need not be repeated yet again.   Respondent does not appear to contend that the Magistrate Judge's background facts were incorrect; instead Respondent challenges Magistrate Judge Seng's assessment and conclusions in light of the facts presented.

Respondent asserts that Magistrate Judge Seng improperly made credibility determinations of witnesses.   However, this court must follow the Supreme Court precedent to review "all the evidence, old and new, *including* consideration of the credibility of the witnesses presented at trial in light of the overall, newly supplemented record."   House, 547 U.S. at 538 (internal quotes omitted and emphasis added).    Respondent's claim that the court should not question any of the jury's determination on the credibility of witnesses contradicts relevant authority.

### 2. *Actual Innocence Standard*

Magistrate Judge Seng repeatedly stated the relevant standard for reviewing an actual innocense claim when used to excuse the AEDPA's statute of limitations.   Nevertheless Respondent claims that the Magistrate Judge misapplied the law.   The court disagrees.  The Supreme Court and the Ninth Circuit have held that to make a credible claim of actual

---

[2] On the other hand, in the objections Respondent also contends that the Magistrate Judge failed to appropriately review all the trial evidence.  See Objections at 30.

-4-

1  innocence to excuse the violation of a procedural requirement a "petitioner must show that it is
2  more likely than not that no reasonable juror would have convicted him in the light of the new
3  evidence."  Schlup, 513 U.S. at 327; see also House, 547 U.S. at 537; Lee, 653 F.3d at 938.  "A
4  petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of
5  the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to
6  remove the double negative, that more likely than not any reasonable juror would have
7  reasonable doubt."   House,  547 U.S. at 538.

> The word "reasonable" in that formulation is not without meaning.  It must be presumed that a reasonable juror would consider fairly all of the evidence presented.   It must also be presumed that such a juror would conscientiously obey the instructions of the trial court requiring proof beyond a reasonable doubt.

Schlup, 513 U.S. at 329.

Respondent contends that Petitioner has not made a sufficient showing of innocence as the evidence does not exonerate Petitioner.    Specifically, Respondent argues that the new state of fire science evidence, the new MPD evidence, and a review of Sandoval's eyewitness testimony do not exonerate Petitioner.  See Objection at 17, 33-34, and 40 (uses of the word "exonerate").  However, as Magistrate Judge Seng stated, it is not necessary for Petitioner to prove exoneration to meet the actual innocence standard as set forth by the Supreme Court in Schlup.   Petitioner need only show that it is more likely than not any reasonable juror would have reasonable doubt.  See House, 547 U.S. at 538   ("[T]he Schlup standard does not require absolute certainty about the petitioner's guilt or innocence.").   Respondent's assertions that Petitioner did not present evidence of exoneration is not relevant to the present inquiry.

### C.   *Analysis of the Actual Innocence Claim*

Magistrate Judge Seng accurately determined that Petitioner made a sufficient showing of actual innocence to excuse the AEDPA's statute of limitations.   In light of the current fire science evidence, all qualified experts agree that they cannot determine the fire's cause[3] and they

---

[3] Despite the fact that Respondent's fire science expert concluded that he could not ultimately determine the cause and origin of the fire, Respondent argues that the expert suggested the fire was caused by arson based on a multiple point of origin theory. Respondent's expert's credibility was undermined by testimony that he had recanted prior arson findings based on a multiple point origin theory, failed to state his conclusions in his expert report, and

further agree that the MPD chemicals found at the fire scene and on Petitioner's shoes are different. Without this fire science evidence, Magistrate Judge Seng properly determined that Petitioner's guilt hinged greatly on eyewitness Sandoval's testimony. After a careful and thorough analysis of Sandoval's testimony, the Magistrate Judge correctly determined that her testimony, alone, was not credible. Based on the fire science evidence, Sandoval's testimony, and the other potential circumstantial evidence, the Magistrate Judge determined that it was more likely than not that no reasonable juror would have convicted Petitioner.

The undersigned agrees that the fire science evidence presented at trial, including the MPD evidence placing Petitioner at the scene, was extremely strong evidence implicating Petitioner's guilt because reasonable and conscientious jurors may well have found Petitioner guilty in light of that evidence alone. Because the fire science evidence presented at trial has been discredited, the Magistrate Judge was correct to scrutinize the remaining evidence, with careful attention paid to Sandoval's testimony - the only remaining evidence that directly linked Petitioner to the scene of fire. Having determined Sandoval's evidence to lack credibility[4] and the circumstantial evidence to not be persuasive, Petitioner has made a showing of actual innocence that "more likely than not" no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.

### C. Diligence Requirement

The court agrees with and hereby adopts Magistrate Judge Seng's finding that there is no diligence requirement to present an actual innocence claim as to overcome the AEDPA's statute

---

testimony that he had differentiated types of MPDs prior to the fire even though he could not remember having done so. Regardless, given the fact that the experts cannot provide any conclusion on the fire's source, the "reasonable juror" discussed in House and Schlup would have a substantially different perspective than the original jurors who were told at trial by the original fire investigators that they were *certain* the fire was caused by arson. The Magistrate Judge, when reviewing all the fire science evidence, properly found the testimony of the arson experts presented at the evidentiary hearing to be of greater credibility than those experts who testified at the 1997 trial.

[4] As explained further on page 87 and 88 of the Findings and Recommendations, this court does not find Sandoval deliberately lied. However, given the evidence of suggestive circumstances surrounding her identification and the lack of other evidence, the court simply cannot credit her testimony.

of limitations.[5]   However, to avoid any confusion in the record, the court finds that if a diligence requirement exists, Magistrate Judge Seng correctly found Petitioner was diligent.[6]

**ORDER**

Accordingly, having carefully reviewed the entire file, including Respondent's objections and Petitioner's reply, the court concludes that Magistrate Judge Seng's Findings and Recommendation is supported by the record and proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued April 26, 2012, is ADOPTED;
2. Petitioner has made a sufficient showing of actual innocence to serve as an exception to the AEDPA's one year statute of limitations and is entitled to pass through the Schlup gateway and present the merits of his underlying claims;
3. Petitioner is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(D) with regard to any potential substantive actual innocence claim; and
4. The matter is REFERRED to the Magistrate Judge for a status conference and further adjudication consistent with this order.

IT IS SO ORDERED.

Dated:   July 5, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The court notes that, contrary to Respondent's continued assertions, the Second Circuit in Whitley v. Senkowski, 317 F.3d 223 (2d Cir. 2003), did not require diligence but merely remanded the case to the District Court to determine if diligence was present and if diligence was required. Id. at 225-26. In addition, the Tenth Circuit has recently found no diligence is needed. Compare Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (discussing whether diligence is required for an equitable tolling claim) with Lopez v. Trani, 628 F.3d 1228, 1230-1231 (10th Cir. 2010) ("We thus reject the reading of our precedent that would require a habeas petitioner seeking equitable tolling on actual innocence grounds to demonstrate that he diligently pursued his actual innocence claim.")

Regardless, the court has addressed this issue because it has not been conclusively resolved whether diligence is needed. See Lee v. Lampert, 653 F.3d 929, 935 n.9 (9th Cir. 2011).

[6] This diligence finding would pertain to both a freestanding actual innocence claim (to the extent one exists) and to excuse the AEDPA's statute of limitations because of actual innocense.