UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SOULIOTES, | 1:06-cv-00667 AWI MJS HC |
| Petitioner, | |
| v. | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES |
| ANTHONY HEDGPETH, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The present matter has been pending before the Court for a significant period of time. The relevant procedural history has been discussed previously and shall not be repeated here.[1]

**I.     FACTS REGARDING AMENDED PETITION**

On July 6, 2012, the Court denied Respondent's motion to dismiss and found that Petitioner made a "a sufficient showing of actual innocence to serve as an exception to the AEDPA's one year statute of limitations and is entitled to pass through the Schlup gateway and present the merits of his underlying claims." (Order Adopting at 7, ECF No. 150.)

---

[1] A thorough discussion of the procedural history of the matter is provided in the Magistrate Judge's Findings and Recommendation filed on April 26, 2012. (ECF No. 141.)

Afterwards, Petitioner filed a first amended petition for writ of habeas corpus which replaced the original federal petition filed May 30, 2006. (1st. Am. Pet., ECF No. 151.) Both the original petition and first amended petition presented the following claims:[2]

    1.) Claim One: A substantive claim for relief based on actual innocence under Herrera v. Collins, 506 U.S. 390, 417 (1993);

    2.) Claim Two: Ineffective assistance of counsel in failing to present an arson expert in Petitioner's defense;

    3.) Claim Three: Ineffective assistance of counsel in failing to present additional witnesses in Petitioner's defense; and

    4.) Claim Five: Jury Misconduct.

However, the first amended petition added three claims that had not previously been presented:

    1.) Claim Four: Ineffective assistance of counsel in failing to cross-examine the prosecution's fire experts using NFPA 921;

    2.) Claim Six: Petitioner's convictions were based on fundamentally unreliable expert testimony and evidence, in violation of his Constitutional due process rights; and

    3.) Claim Seven: Cumulative Error.

## II. DISCUSSION

### A. Statement of Relevant Law

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

A petitioner who is in state custody and wishes to collaterally challenge his conviction

---

[2] The following claims are consistently numbered in both the original and amended petitions.

by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly present" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct'alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of*

> *the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. Rasberry, 448 F.3d at 1154.

A federal court cannot entertain a petition that is "mixed," or which contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982). A district court must dismiss a mixed petition; however, it must give the petitioner the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims. Rose, 455 U.S. at 510; Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

In the absence of a clear, strategic choice to forego presentation of a federal issue, a petitioner has "fairly presented" a claim not named in a petition if it is "sufficiently related" to an exhausted claim. Wooten v. Kirkland, 540 F.3d 1019, 1025-26 (9th Cir. 2008) (citing Lounsbury v. Thompson, 374 F.3d 785, 788 (9th Cir. 2004) (holding that by exhausting his procedural due process challenge in his state court petition, the petitioner had fairly presented his substantive due process claim that he was tried while mentally incompetent because "the clear implication of his claim was that by following a constitutionally defective procedure, the

state court erred in finding him competent")). Claims are "sufficiently related" or "intertwined" for exhaustion purposes when, by raising one claim, the petition clearly implies another error. Wooten, 540 F.3d at 1025.

**B.     Analysis**

It appears that petitioner has presented a "mixed petition" containing exhausted and unexhausted claims subject to dismissal without prejudice. See Rose, 455 U.S. at 522. The Court shall here examine the three new claims in the first amended petition to determine if they were adequately exhausted in state court.

### 1.     Claim Four

Petitioner's fourth claim of his amended petition is a claim of ineffective assistance of counsel for failing to cross-examine the prosecution fire experts regarding relevant scientific standards. Petitioner, in his second amended petition to the California Supreme Court and in his federal petitions filed two claims for ineffective assistance of counsel; one based on the failure to present a fire science expert and a second for failure to present other witnesses favorable to the defense. (See 2nd. Am. Pet.[3] at 46-81; Pet. 8-26.) While these two claims were discussed at length in the petition presented to the California Supreme Court, Petitioner did not discuss defense counsel's failure to cross-examine the prosecution's fire experts regarding relevant scientific methodology set forth in National Fire Protection Association (NFPA) Standard 921. Petitioner now presents such a claim in his federal petition.

Although Petitioner presented two other claims for ineffective assistance of counsel to the state courts, it does not follow that Petitioner has exhausted his state remedies for other factually distinct ineffective assistance of counsel claims.

> [The Ninth Circuit has] held that, so long as the petitioner presented the factual and legal basis for his claims to the state courts, review in habeas proceedings is not barred. E.g., Chacon v. Wood, 36 F.3d 1459, 1467-68 (9th Cir. 1994). This does not mean, however, that a petitioner who presented any ineffective assistance of counsel claim below can later add unrelated alleged instances of counsel's ineffectiveness to his claim. See Carriger v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992) (*en banc*). Rather, this rule allows a petitioner who

---

[3] Petitioner's Second Amended Petition filed with the California Supreme Court was filed as lodged document number 9 with respect to Respondent's motion to dismiss.

>presented a particular claim, for example that counsel was ineffective in presenting humanizing testimony at sentencing, to develop additional facts supporting that particular claim. See Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999).

Moormann v. Schriro, 426 F.3d 1044, 1056 (9th Cir. 2005).

The Ninth Circuit has further explained, that "in the context of exhaustion . . . all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." Hemmerle v. Arizona, 495 F.3d 1069, 1075 (9th Cir. 2007).

With regard to his fourth claim, Petitioner has not presented such a factual argument to the state courts. Instead, he limited his claims to those regarding the failure to call witnesses.

While a claim may be considered exhausted if it is "sufficiently related" or "intertwined" with a claim presented to the state courts, Petitioner's claim on its face does not appear to present such a scenario. Wooten, 540 F.3d at 1025. Petitioner discussed in his state petition the failure of defense counsel to call witnesses, especially in light of assertions made during the opening statement that he would do so. And while cross-examination of the prosecution's fire experts and the presentation of a rebuttal fire science expert would serve the same ultimate goal, Petitioner has not shown how the claims are "sufficiently related" or "intertwined" as to allow the Court to consider the claim exhausted even if the factual basis of claim has not been presented to the state courts. See McCaskill v. Budge, 2012 U.S. Dist. LEXIS 32448 (D. Nev. Mar. 12, 2012) (noting only one instance in which the Ninth Circuit found claims sufficiently related and intertwined so as to premise the exhaustion of one upon the exhaustion of the other.)

### 2. Claim Six

Petitioner's sixth claim of the amended petition is that his claims were based on fundamentally unreliable expert testimony and evidence in violation of his Constitutional due process rights. It does not appear that Petitioner presented the factual or legal basis for this claim in the state courts. It should be noted that Petitioner, in his petition for review filed with

the California Supreme Court on direct appeal challenges the reliability of the evidence relating to the use of a combustible gas detector. (See Pet. For Review, Lodged Doc. 3 at 2 to Respondent's Motion to Dismiss.) However, in his amended federal petition, Petitioner challenges fire science testimony relating to a finding of arson, and testimony regarding the presence of Medium Petroleum Distillates (MPDs), along with challenges to use of a combustible gas detector. (See 2nd. Am. Pet. at 32-33.) As Petitioner has not presented the state courts with claims regarding the reliability of the fire science or MPD evidence, Petitioner is required to show cause as to why the claim should be considered exhausted with regard to the reliability of the fire science and MPD evidence.[4]

### 3.   Claim Seven

Petitioner's final new claim is a claim of cumulative error. As with claims of ineffective assistance of counsel, the federal courts require claims of cumulative error to be properly presented to the state courts. "[B]riefing a number of isolated errors that turn out to be insufficient to warrant reversal does not automatically require the court to consider whether the cumulative effect of the alleged errors prejudiced the petitioner." Wooten, 540 F.3d at 1025.

Further, the decision in Solis v. Garcia, 219 F.3d 922, 930 (9th Cir. 2000), suggests that a cumulative error claim must be clearly identified in a petitioner's brief before a state court to be exhausted. Wooten, 540 F.3d at 1026. In Solis, the petitioner set forth his cumulative error claim in the penultimate paragraph of a lengthy brief, stating that the "errors complained of above, individually and cumulatively denied appellant Due Process and a fair trial under federal and state constitutions." The petitioner did not label his cumulative error claim as an issue in the contents section of the brief; he did not argue the claim or cite authority for it. The government did not address the claim in its brief. The Solis court held that the district court properly declined to review the cumulative error claim. Id. at 930.

Here, Petitioner clearly set forth a claim of cumulative error in his state habeas petition. (See 2d. Am. Pet. at 81-82.) The claim is appropriately labeled as a subheading in the table

---

[4] Petitioner is not ordered to show cause with respect to exhaustion of the claim as it relates to the reliability of the combustible gas detector.

of contents, and Petitioner presents detailed factual support and federal legal authority to support the claim. However, Petitioner only asserted the claim with respect to the combined effect of the separate claims of ineffective assistance of counsel presented in the state petition. It is unclear if Petitioner so limits the cumulative error claim of the present federal petition. To the extent that Petitioner bases the cumulative error claim of his federal petition on more than claims two and three (i.e. the claims of ineffective assistance of counsel presented in state court), Petitioner is ordered to show cause why the claim should be considered exhausted.

### III.  ORDER

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to exhaust state remedies.  Petitioner is ORDERED to inform the Court within seven (7) days of the date of service of this order whether or not Claims Four, Six, and Seven have been properly presented to the California Supreme Court. Respondent shall be entitled to file a opposition to Petitioner's response within seven (7) days of the date of service of the response, if desired.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   July 18, 2012                         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE