UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE SOULIOTES, | ) | 1:06-cv-00667 AWI MJS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S |
| | ) | REQUEST FOR RECONSIDERATION OF |
| | ) | THE MAGISTRATE JUDGE'S ORDER |
| v. | ) | DISCHARGING THE ORDER TO SHOW |
| | ) | CAUSE |
| ANTHONY HEDGPETH, Warden, | ) | |
| | ) | ORDER GRANTING RESPONDENT |
| Respondent. | ) | ADDITIONAL TIME TO ANSWER THE |
| | ) | PETITION |
| | ) | |
| | | (Documents #157 & #161) |

Respondent, Anthony Hedgpeth, Warden of Salinas Valley State Prison, seeks reconsideration of the Magistrate Judge's order discharging the order to show cause and requiring Respondent to file an answer to the amended petition for writ of habeas corpus. (ECF No. 156). Respondent asserts that certain claims remain unexhausted, and in light of Petitioner's failure to exhaust, the amended petition must be dismissed. For the reasons discussed below, this Court DENIES the request for reconsideration.

I.  **BACKGROUND**

On July 12, 2012, Petitioner filed a first amended petition for writ of habeas corpus ("amended petition"), including three new claims that were either not presented or at most partially presented before the state courts. (1st Am. Pet., ECF No. 151). On July 18, 2012, the Magistrate Judge ordered Petitioner to show cause why the amended petition should not be dismissed for Petitioner's failure to exhaust state remedies. (Order to Show Cause, ECF No. 152).

Petitioner, in responding to the order to show cause, conceded that claims four, six and seven of the amended petition were not properly presented to the California Supreme Court. (Resp. at 2, ECF No. 153). Despite his failure to properly exhaust the claims, Petitioner contended that the California Supreme Court would hold the claims to be procedurally barred, and therefore the claims were "technically exhausted." See Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007) (*en banc*).

In his opposition Respondent contended that the claims were not technically exhausted because the California state courts may find the claims timely based on the actual innocence exception to California's timeliness rule. (Opp'n at 8, ECF No. 154). Additionally, Respondent asserted that the amended petition's first claim was also unexhausted as it relied on facts that were not presented to the state court. (Id. at 6-7).

On August 2, 2012, the Magistrate Judge issued an order discharging the order to show cause. (Order, ECF No. 156). The Magistrate Judge held, pursuant to Woodford v. Ngo, 548 U.S. 81, 92-93 (2006) and Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007), that: (1) The claims in question were not properly exhausted in state court; (2) The claims are technically exhausted because no state remedies remain available; and (3) The relevant question is whether this procedural bar may be excused. The Magistrate Judge found that the amended petition was not subject to dismissal because all of the claims were either properly exhausted or technically exhausted.

On August 8, 2012, Respondent filed a request for reconsideration by the District Court of the Magistrate Judge's August 2, 2012 order discharging the order to show cause. (ECF No. 157). On August 15, 2012, Petitioner filed an opposition to Respondent's request for reconsideration. (ECF No. 159). On August 21, 2012, Respondent filed a reply brief, and Petitioner filed a response. (ECF No. 159 & 160).

**II.   DISCUSSION**

    **A.   Standard Of Review**

A magistrate judge may make rulings regarding the resolution of non-dispositive motions, but such rulings may be reviewed by the district court. See 28 U.S.C. §§ 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1414 (9th Cir. 1991); see also Grimes v. City of San Francisco, 951 F.2d 236, 240-41 (9th Cir. 1991). If a party objects to a pretrial ruling by a

magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard found in Rule 72(a) of the Federal Rules of Civil Procedure. Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002); Grimes, 951 F.2d at 240-241. A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997). However, the district court "may not simply substitute its judgment for that of the deciding court." Grimes, 951 F.2d at 241.

**B.     Analysis**

Respondent objects to the Magistrate Judge's order as being contrary to relevant law regarding exhaustion. Respondent contends that for a claim to be considered technically exhausted, it must be clear that the state court would hold the claim procedurally barred. See Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). In light of the indeterminate time limits for filing petitions for writ of habeas corpus under California law, Respondent claims that it is not clear the California Supreme Court would find the previously un-presented claims procedurally barred as untimely. Respondent argues that exceptions to California's timeliness requirement may allow the California Supreme Court to consider Petitioner's previously un-presented claims as timely.

In California, a "habeas corpus petition must be filed within a reasonable time after the petitioner or counsel knew, or with due diligence should have known, the facts underlying the claim as well as the legal basis of the claim." In re Harris, 5 Cal. 4th 813, 828 n.7 (1993); In re Clark, 5 Cal. 4th 750, 784 (1993). "Petitioners in noncapital cases have the burden of establishing '(i) absence of substantial delay, (ii) good cause for the delay, or (iii) that the claim falls within an exception to the bar of untimeliness.'" Walker v. Martin, 131 S. Ct. 1120, 1125 (2011).

> Delay in seeking habeas corpus or other collateral relief has been measured from the time a petitioner becomes aware of the grounds on which he seeks relief. That time may be as early as the date of conviction. Although delayed presentation to enable the petitioner to file a habeas corpus petition with the opening brief on appeal has been permitted, a petition should be filed as promptly as the circumstances allow, and the petitioner must point to particular circumstances sufficient to justify substantial delay.

In re Clark, 5 Cal. 4th 750, 765 n.5 (1993) (citations omitted).

The United States Supreme Court has found that "California's case law made it altogether

plain that [a] delay of nearly five years ranked as 'substantial.'" Walker v. Martin, 131 S. Ct. 1120, 1128 (2011) (citations omitted) (relying on California cases that found delays of four years, sixteen months, and two and a half years as sufficiently substantial to bar claims.); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (delay of four years substantial).  The United States Supreme Court has also stated that federal habeas courts should not treat California's timeliness rules as differing significantly from other states, which consider petitions untimely after unexplained delays of thirty or sixty days.  Evans v. Chavis, 546 U.S. 189, 199–201 (2006) (citing Carey v. Saffold, 536 U.S. 214, 219 (2002)).  Although substantial delay is a basis to bar claims, California law allows substantially delayed claims to proceed if the petitioner meets California's fundamental miscarriage of justice exception by making a sufficient showing of actual innocence.  See In re Clark, 5 Cal. 4th at 797-98.

Although procedural default is an affirmative defense that must generally be asserted by the state, "the district court retains discretion to consider the issue sua sponte if the circumstances warrant." Vang v. Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003).  Thus, when a habeas corpus claim has not previously been brought in state court, the district court must consider whether the claim could still be "pursued by any presently available state remedy." Ortiz v. Stewart, 149 F.3d 923, 931 (9th Cir. 1998); Matias v. Oshiro, 683 F.2d 318, 321 (9th Cir. 1982).  "In determining whether a remedy for a particular constitutional claim is 'available,' the federal courts are authorized, indeed required, to assess the likelihood that a state court will accord the habeas petitioner a hearing on the merits of his claim." Phillips v. Woodford, 267 F.3d 966, 974 (9th Cir. 2001) (quoting Harris v. Reed, 489 U.S. 255, 268 (1989) (O'Connor, J., concurring)).  "[W]here a petitioner did not properly exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the petitioner's claim is procedurally defaulted." Smith, 510 F.3d at 1139 (9th Cir. 2007) (citing Coleman, 501 U.S. at 735 n.1.).  If so, "the relevant question becomes whether [Petitioner]'s procedural default can be excused, not whether [Petitioner]'s failure to exhaust can be excused." Id.  Thus, the issue before this court is whether the Magistrate Judge's determination that state remedies are no longer available was "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).

Respondent provides insubstantial reasoning why Petitioner's newly amended claims could still be presented and considered on the merits by the California Supreme Court. The Magistrate Judge found that the previously un-presented claims would be barred from review by California's timeliness requirements. See In re Clark, 5 Cal. 4th at 765-67. Respondent argues that Petitioner's previously un-presented claims may still be presented in the California courts because "California's habeas system does not have strictly established timeliness requirements." While true, the United States Supreme Court has held California's timeliness bar for collateral review petitions is "firmly established and consistently applied". See Walker, 131 S. Ct. at 1128-29.[1]

Respondent does not claim that Petitioner's claims could be filed without substantial delay, nor could he. Petitioner's delay is greater than the five years that the United States Supreme Court has already found to be plainly substantial. See Walker, 131 S. Ct. at 1128. Respondent also does not claim that there was good cause for Petitioner's delay in presenting the claims. The basis on which Respondent contends Petitioner would be able to raise the previously un-presented claims to the California courts is that Petitioner would meet California's fundamental miscarriage of justice exception by making a sufficient showing of actual innocence.

Having reviewed the parties' briefs and the Magistrate Judge's order discharging the order to show cause, the court finds the Magistrate Judge's order is neither clearly erroneous nor contrary to law. The court recognizes that Respondent's argument is that the California Supreme Court *might* address the merits of Petitioner's previously un-presented claims under California's fundamental miscarriage of justice exception by sufficiently showing actual innocence. Putting aside the issue of whether California's actual innocence exception only applies to capital cases and the fact that the California Supreme Court has already rejected the substance of Petitioner's actual innocence argument, Respondent's position in the present motion is opposite to the position this court would

---

[1] The Supreme Court in Walker did note that a petitioner might be able to show a rule to be inadequate in his or her own case by showing that "the California Supreme Court exercised its discretion in a surprising or unfair manner." Walker, 131 S.Ct. at 1130. "A state ground, no doubt, may be found inadequate when discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law." Id.; see also Lee v. Kemna, 534 U.S. 362, 376 2002) (recognizing exception for "exorbitant application of a generally" firmly established and regularly followed state law.
   The court finds that it would be contrary to the entire notion of procedural default to presume a rule, which has already been found to be firmly established and regularly followed, will "likely" been applied in a surprising, exorbitant, or unfair manner.

1  expect him to take in state court.   It would be anomalous if the State of California were to argue the
2  California Supreme Court should consider an otherwise untimely habeas petition because the
3  petitioner has established actual innocence.   In light of this anomaly, the court takes a dim view of
4  Respondent's argument that Petitioner is "gaming the system" by deliberately bypassing state
5  proceedings.

6  This court DENIES Respondent's motion for reconsideration.

7  Given the previously set date by which Respondent was to file an answer to the petition's
8  merits and Respondent's August 28, 2012 motion for an extension of time to file an answer, the
9  court grants Respondent until October 5, 2012 to file an answer.[2]

11  IT IS SO ORDERED.

12  Dated:   September 13, 2012
13  CHIEF UNITED STATES DISTRICT JUDGE

---

28  [2]  Given both this court's and the Ninth Circuit's previously stated concerns about delay, any request for an extension of time will only be considered upon a strong showing of good cause.