1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11  GEORGE SOULIOTES,                    )      1:06-cv-00667 AWI MJS HC
                                         )
12          Petitioner,                  )
                                         )      ORDER DENYING MOTION TO STAY
13      v.                               )
                                         )
14  ANTHONY HEDGPETH, Warden,            )      (Doc. 168)
                                         )
15          Respondent.                  )
    _____)

16

17          Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to

18  28 U.S.C. § 2254. The present matter has been pending before the Court since 2006. The relevant

19  procedural history has been discussed previously and shall not be repeated here.[1] In summary, due to

20  various procedural issues, the parties have just recently addressed the merits of Petitioner's federal

21  petition for writ of habeas corpus filed in this court in 2006.

22          On November 2, 2012, Respondent filed a motion to stay the proceedings in light of the grant

23  of certiorari by the United States Supreme Court in McQuiggin v. Perkins (12-126, Oct. 29, 2012)

24  (Perkins). (Mot., ECF No. 168.) In Perkins, the Supreme Court is to address the following issues:

25          The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)
            contains a one-year statute of limitations for filing a habeas petition. In Holland v.
26          Florida, 130 S.Ct. 2549, 2562 (2010), this Court affirmed that a habeas petitioner is

27  _____

28          [1] A thorough discussion of the procedural history of the matter is provided in the Magistrate Judge's Findings and
    Recommendations filed on April 26, 2012 and March 7, 2013. (ECF Nos. 141, 174.)

entitled to equitable tolling of the one-year period "only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." This petition presents two recurring questions of jurisprudential significance involving equitable tolling under AEDPA that have divided the circuits:

1. Whether there is an actual-innocence exception to the requirement that a petitioner show an extraordinary circumstance that "prevented timely filing" of a habeas petition.

2. If so, whether there is an additional actual-innocence exception to the requirement that a petitioner demonstrate that "he has been pursuing his rights diligently.

Perkins, Supreme Court Docket No. 12-126.

Petitioner filed an opposition to the motion to stay on November 6, 2012. (Opp'n, ECF No. 170.)

Respondent asks the Court to stay the proceedings while the Supreme Court determines whether Petitioner's showing of innocence serves as an equitable exception to the statute of limitations under AEDPA and whether diligence is required. This Court has already determined that Petitioner made a sufficient showing of actual innocence and that diligence is not required.[2] The resolution of the questions presented to the Supreme Court will not impact the remaining determinations presently pending before the Court.

It is true that this court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979); see also Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (A district court has broad discretion in deciding whether to stay proceedings in its own court.).

However, the Ninth Circuit has "never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." INS v. Yong, 208 F.3d 1116, 1120 (9th Cir. 2000). "Once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit

_____

[2] In the alternative, Court has additionally held that Petitioner has made a sufficient showing of diligence, if such a requirement exists.

1    court's decision as binding authority." Id. at 1119 n.2. Habeas proceedings "implicate special

2    considerations that place unique limits on a district court's authority to stay a case in the interests of

3    judicial economy." Id. In Yong, the Ninth Circuit reversed the district court's decision to indefinitely

4    stay a habeas proceeding pending resolution of a separate Ninth Circuit case considering related

5    issues. Id. at 1120 ("'The writ of habeas corpus, challenging illegality of detention, is reduced to a

6    sham if . . . trial courts do not act within a reasonable time.' [] A long stay also threatens to create the

7    perception that courts are more concerned with efficient trial management than with the vindication

8    of constitutional rights." (internal citation omitted)).

9          Respondent attempts to provide an example of such a stay by the Ninth Circuit in Chestang v.

10   Sisto. See Order, Chestang v. Sisto, No. 09-17621 (9th Cir., Oct. 30, 2012.). However, as Petitioner

11   aptly notes, in Chestang, the district court did not find that petitioner made a sufficient showing of

12   innocence, and did not find it necessary to allow petitioner to present further evidence of his

13   innocence by way of an evidentiary hearing. Alternatively, in a case much more analogous to

14   Petitioner's, the Ninth Circuit deferred the submission of an appeal and requested briefing regarding

15   whether a stay should continue in effect in Larsen v. Cash. See Order, Larsen v. Cash, No. 09-17621

16   (9th Cir., Dec. 27, 2012.). In Larsen, the district court found that despite the petition being untimely,

17   petitioner had made a sufficient showing of actual innocence and that his counsel was

18   constitutionally ineffective and granted habeas relief. On February 25, 2013, the Ninth Circuit

19   ordered that the grant of petitioner's habeas petition continue to be stayed, but that petitioner be

20   immediately released. See Order, Larsen v. Cash, No. 09-17621 (9th Cir., Feb. 25. 2013.).

21   Accordingly, the Ninth Circuit has found that the pendency of McQuiggin v. Perkins an insufficient

22   basis to continue to confine a petitioner that the district court has determined is entitled to relief,

23   despite the untimely filing of his federal petition.

24         Much like the stay at issue in Yong, the stay requested in the present case is indefinite and

25   potentially lengthy since there is no set date for a decision in Perkins.[3] Rather than stay the entire

26

27         [3] Respondent does not deny that a stay would delay the matter, only that the stay would "not likely result in *undue*

28   delay." (emphasis added) (Mot. at 3.) Respondent asserts that the Supreme Court decision in Perkins should issue by June
     2013. (Id.)

1  proceeding, the court may determine issues of release under Federal Rule of Appellate Procedure

2  23(c). See generally Hilton v. Braunskill, 481 U.S. 770 (1987) (Noting that under Rule 23(c) "[t]here

3  is a presumption in favor of enlargement of the petitioner with or without surety...").

4          As this Court has been admonished to determine Petitioner's claims in an expedited manner

5  due to Petitioner's advanced age and strong showing of innocence, the Court does not find it is the

6  interest of justice to grant a stay at this time. See 28 U.S.C. § 2243 ("A court, justice or judge

7  entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an

8  order directing the respondent to show cause why the writ should not be granted, unless it appears

9  from the application that the applicant or person detained is not entitled thereto."); Yong, 208 F.3d at

10  1120.

11          Accordingly, it is hereby ORDERED that Respondent's November 2, 2012, motion for an

12  order directing that this case be stayed is DENIED.

13  IT IS SO ORDERED.

14

Dated:    March 15, 2013                                    _____

15                                                              SENIOR  DISTRICT  JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28