1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE SOULIOTES, | ) 1:06-cv-00667 AWI MJS HC |
| | ) |
| Petitioner, | ) **ORDER ADOPTING FINDINGS AND** |
| | ) **RECOMMENDATION WITH EDITS** |
| v. | ) **LISTED BELOW** |
| | ) |
| RANDY GROUNDS, Warden, | ) **ORDER GRANTING AMENDED** |
| | ) **PETITION'S CLAIMS TWO, THREE AND** |
| Respondent. | ) **SEVEN** |
| | ) |
| _____ | ) **[Doc. 174]** |

16    Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus

17 pursuant to 28 U.S.C. § 2254.   On March 7, 2013, the Magistrate Judge issued a Findings and

18 Recommendation that the Court find Petitioner entitled to relief with respect to claims two,

19 three and seven in the First Amended Petition for Writ of Habeas Corpus.   This Findings and

20 Recommendation was served on all parties with notice that any objections were to be filed

21 within fourteen days of the Findings and Recommendation's date of service.  Both parties filed

22 objections to the Findings and Recommendation on March 21, 2013. (See ECF Nos. 180-81.)

23 Petitioner filed a reply to Respondent's objections on March 31, 2013. (See ECF No. 182.)

24    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted

25 a *de novo* review of the case. "De novo review means that the reviewing court does not defer to

26 the lower court's ruling but freely considers the matter anew, as if no decision had been rendered

27 below." Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009) (internal quotations and citation

28 omitted).  However, the court need not consider new evidence in reviewing a magistrate judge's

1

1   recommendation. <u>United States v. Howell</u>, 231 F.3d 615, 622 (9th Cir. 2000).

2          Having carefully reviewed the entire file, including the Magistrate Judge's Findings and

3   Recommendation and the parties' objections and responses, the Court concludes that the

4   Magistrate Judge's Findings and Recommendation is supported by the record and proper

5   analysis.

6          Petitioner alleges in his objections that the Magistrate Judge incorrectly reserved

7   judgment as to his first claim, which asserts Petitioner's convictions were based on

8   fundamentally unreliable expert testimony and evidence presented in violation of his

9   constitutional due process rights.   It is unnecessary to determine whether Petitioner is entitled to

10  relief with regard to this claim.  By granting Petitioner relief with regard to claims two, three

11  and seven, the Court is providing Petitioner with the relief requested. <u>See</u> <u>Blazak v. Ricketts</u>,

12  971 F.2d 1408, 1413 (9th Cir. 1992).

13         Respondent's objections present no grounds for questioning the Magistrate Judge's

14  analysis.   Respondent repeats, often verbatim, many of the arguments and assertions presented

15  in his answer and other pleadings. (<u>See</u> Pet'r's Reply, ECF No. 182.) Finally, the Court

16  concludes that Respondent's repeated allegations that the Magistrate Judge failed to provide

17  appropriate deference to the state court's decision and trial counsel's strategy are without merit.

18

19         Accordingly, IT IS HEREBY ORDERED that:

20  1.     The Findings and Recommendation issued March 7, 2013, is ADOPTED as

21         amended below:

22         a.     Page 18, lines 16-24, of the Findings and Recommendation are adopted to

23                read as follows:

24                . . . . On April 24, 2012, after the hearing and appropriate

25                briefing from the parties, the Magistrate Judge issued

26                findings and a recommendation that the Court find that

27                Petitioner presented a sufficient showing of actual

28                innocence to serve as an equitable exception to the

1    AEDPA's  statute of limitations. On July 6, 2012, the

2    Court adopted the Magistrate Judge's Findings and

3    Recommendation and found Petitioner had met <u>Schlup</u>'s

4    actual innocence standard as to excuse Petitioner's

5    violation of the AEDPA's one year statute of limitations.

6    b.    Petitioner's Claim One, as discussed in the Findings and

7          Recommendations from Pages 19-25, which contends that Petitioner's

8          due process rights were violated by the introduction of scientific evidence

9          at trial about potential MPD's present at the fire and on Petitioner's shoes

10         and clothing, is referred to as Claim Six, as listed in the Amended

11         Petition.

12   c.    Page 26, lines 3 through 6, is amended to read:   "The Court declines at

13         this time to determine if Petitioner is entitled to relief on this claim.

14         Because any finding on this claim is unnecessary to grant Petitioner the

15         relief he requests, the Court will not grant or deny this claim at this time."

16   d.    The reference to "At closing defense counsel repeatedly attacked" on

17         page 54, line 3, of the Findings and Recommendations, is amended to

18         read "**At closing, the prosecution repeatedly attacked**. . ."

19   e.    The last paragraph on page 64, beginning at line 17 is omitted.

20   f.    Page 72, line 12, of the Findings and Recommendation is amended to

21         read:   "**The court must next consider** . . . . " as opposed to "Here, we

22         consider . . . ."

23   g.    Page 84, the first and second lines of footnote 51, Findings and

24         Recommendation is amended to remove "the Court's Experience

25         suggests" and read:   "**In addition to the benefits identified in the cases**

26         **discussed above, advantages might also include consideration of the**

27         **added weight juror may give . . . ."**

28   h.    Page 91, line 6, of the Findings and Recommendation, is amended to read

1    **"Petitioner is entitled to relief on claims two, three and seven"** rather

2    than "Petitioner is entitled to relief on claims one, two and seven".

3    2.    Claims two, three and seven of the First Amended Petition for Writ of Habeas

4         Corpus are HEREBY GRANTED.

5    3.    Petitioner shall be released unless the State of California both (1) notifies this

6         Court within thirty days of the filing of this order that it intends to retry Petitioner

7         and that it has taken concrete and substantial steps to do so; and (2) actually

8         commences Petitioner's retrial within 90 days.

9    IT IS SO ORDERED.

10

Dated:    April 12, 2013                    _____

11                                        SENIOR  DISTRICT  JUDGE

-4-