UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE SOULIOTES, | ) | 1:06-cv-00667 AWI MJS HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING RESPONDENT'S |
| | ) | AMENDED MOTION TO STAY |
| v. | ) | |
| | ) | [Doc. 190] |
| RANDY GROUNDS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## I. INTRODUCTION

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 12, 2013, this Court granted relief with respect to claims two, three and seven of the amended petition and ordered that "Petitioner shall be released unless the State of California both (1) notifies this Court within thirty days of the filing of this order that it intends to retry Petitioner and that it has taken concrete and substantial steps to do so; and (2) actually commences Petitioner's retrial within 90 days." (ECF No. 183.) On May 6, 2013, Respondent informed the Court of the State's intent to retry Petitioner and to appeal the decisions of this Court to the United States District Court of Appeals for the Ninth Circuit. (ECF Nos. 184, 186.)

Additionally, Respondent filed a motion for stay of Petitioner's release pending appeal and, alternatively, a motion for temporary stay.[1] (Mot. to Stay, Am. Mot. to Stay, ECF Nos. 185, 190.) On May 13, 2013, Petitioner filed an opposition to the motion to stay, and on May 20, 2013, Respondent filed a reply. The motion stands ready for adjudication.

---

[1] The next day, Respondent filed an amended motion to stay. The amended motion appears to be substantially similar to the original motion to stay.

1

Respondent has failed to clearly describe the relief sought in the motion to stay. From the motion, it appears that Respondent may, in the alternative, be requesting one or more of the following forms of relief from the judgment: (1) a stay of the proceedings and enforcement of the judgment while Respondent pursues his appeal with the United States Court of Appeals for the Ninth Circuit, (2) a modification of the conditional grant of the writ of habeas corpus, seeking to postpone the retrial and release of Petitioner until the adjudication of the appeal is resolved, or (3) a stay of the release of Petitioner provided by Federal Rule of Appellate Procedure 23 and Hilton v. Braunskill, 481 U.S. 770, 772, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987). The Court shall address each in turn.

## II. ANALYSIS

### A. Motion To Stay

To the extent that Respondent seeks a stay of the proceeding, it is denied for the same reasons as set forth in this Court's March 15, 2013 order denying Respondent's prior motion to stay (ECF No. 179.). See INS v. Yong, 208 F.3d 1116, 1120-21 (9th Cir. 2000). Respondent has not provided any evidence that the circumstances and equities discussed in the Court's earlier order denying a stay have changed. If anything, the issuance of the order granting Petitioner habeas corpus relief has further tilted the equities in Petitioner's favor. Petitioner has been incarcerated for over 16 years and is of advanced age. The prompt resolution of this proceeding is required to ensure that Petitioner receives meaningful relief. Yong, 208 F.3d at 1120-21.

### B. Motion for Modification of the Grant of Conditional Relief

If Respondent seeks to modify the judgment granting a conditional writ of habeas corpus, his motion shall be considered a motion for reconsideration under Federal Rule of Civil Procedure 60(b). See Harvest v. Castro, 531 F.3d 737, 745-46 (9th Cir. 2008). Even though filed as a motion to stay, the Court may consider it as a motion for reconsideration. Id. ("Nomenclature is not important. The label or description that a party puts on its motion does not control whether the party should be granted or denied relief.") (citations omitted.). To the extent that Respondent requests modification of the grant of conditional release to either postpone Petitioner's trial until after appeal or to keep Petitioner in custody during his federal appeal, the motion seeks modification of the

Court's order. Id. ("[T]he district court has the authority to modify a conditional writ in order to give the State more time to cure the constitutional deficiency, but that such modifications are governed by the Habeas Rules and, by incorporation, the Rules of Civil Procedure, including Rule 60.")

Respondent presents nothing to suggest he has made a sufficient showing of grounds for relief from the judgment under Rule 60(b). Respondent's disagreement with the Court's prior decisions is not grounds for reconsideration, yet Respondent offers nothing more. He does not allege that the judgment was based on "mistake, inadvertence, surprise, or excusable neglect," or any other basis for relief from judgment. Fed. R. Civ. P. 60(b)(1). Accordingly, Respondent's motion to modify the order granting the conditional writ is denied.

### C. Motion to Stay Release of Petitioner Pending Appeal

A successful habeas petition is provided a presumption in favor of release pending appeal unless the respondent presents a sufficient showing of the factors traditionally considered to stay a judgment in a civil case. See Hilton v. Braunskill, 481 U.S. at 772; Fed. R. App. P. 23(c).

Here, the Court granted Petitioner's release only if the State does not intend to retry Petitioner and does not commence Petitioner's retrial within 90 days. See Harvest v. Castro, 531 F.3d 737, 741-742 (9th Cir. 2008) ("[A] conditional order of release. . . orders the State to release the petitioner unless the State takes some remedial action, such as to retry (or resentence) the petitioner."); Gentry v. Deuth, 456 F.3d 687, 692 (6th Cir. 2006) ("[T]he sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life.") (citations omitted.).

As Respondent has notified the Court that the State intends to retry Petitioner, the conditions for granting Petitioner's release have not yet occurred. "[W]hen a state meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, the habeas court does not retain any further jurisdiction over the matter." Gentry, 456 F.3d at 692 (citations omitted); see also Pitchess v. Davis, 421 U.S. 482, 490, 95 S. Ct. 1748, 44 L. Ed. 2d 317 (1975) (per curiam) (noting "[n]either Rule 60(b), 28 U.S.C. § 2254, nor the two read together, permit a federal habeas court to maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by the

1  habeas court."); D'Ambrosio v. Bagley, 656 F.3d 379, 384 (6th Cir. 2011) ("[A] district court sitting in habeas has jurisdiction to consider the circumstances that exist up until either the state complies with a conditional writ or the court issues an unconditional writ, but does not have jurisdiction to consider circumstances that unfold after the state complies with the writ." (citation omitted.).

During the period the State pursues retrial of Petitioner, it may invoke the use of State law and procedure to effectuate Petitioner's continued confinement. See Carter v. Rafferty, 781 F.2d 993, 998 n.6 (3d Cir. 1986) (If the district court granted the state 60 to 90 days to retry petitioner, "the State would have had full opportunity before [petitioner]'s release from custody to make application to the state court invoking state bail procedures. Such an application, we emphasize, would not have interfered with federal authority in the habeas proceeding, because any continued incarceration of [Petitioner] would have been predicated on standards relating to his status as an accused facing a murder indictment and trial -- and not on a conviction that has been held by a federal court to be unconstitutional."). "Both the historic nature of the writ and principles of federalism preclude a federal court's direct interference with a state court's conduct of state litigation." Barry v. Brower, 864 F.2d 294, 300 (3d Cir. 1988).

Respondent's present motion for a stay of release is premature. The conditions set forth by this Court to grant Petitioner relief in the form of release from custody have yet to occur, and may not ever occur. Accordingly, Respondent is requesting the Court to stay a grant of relief that has not been effectuated. Moreover, as described above, the Court lacks authority to supervise Petitioner's retrial, including Petitioner's custody prior to and during the retrial. See Anderson v. Calderon, 232 F.3d 1053, 1100 (9th Cir. 2000) (citing Younger v. Harris, 401 U.S. 37, 44, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971)). Accordingly, Respondent's motion to stay is DENIED.[2]

IT IS SO ORDERED.

Dated:  May 21, 2013

_____
SENIOR DISTRICT JUDGE

---

[2] The denial is without prejudice to a renewed motion to stay should the conditions requiring Petitioner's release occur.